# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC.,<br>PFIZER IRELAND PHARMACEUTICALS,<br>WARNER-LAMBERT COMPANY, and<br>WARNER-LAMBERT COMPANY LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 08-948 (LDD) |
| APOTEX INC. and<br>APOTEX CORP., | ) ) ) | |
| Defendants. | ) ) ) | |

---

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS APOTEX INC.'S AND APOTEX CORP.'S ALTERNATIVE MOTION TO TRANSFER VENUE OR, ALTERNATIVELY, TO STAY THESE PROCEEDINGS

Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Daniel C. Mulveny (#3984)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

OF COUNSEL:
William E. McShane
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
(202) 572-0335

*Attorneys for Plaintiffs*

Dated: March 16, 2009

**TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................... 1

II.   NATURE AND STAGE OF THE PROCEEDING.......................................... 1

III.  SUMMARY OF ARGUMENT ...................................................................... 3

IV.   FACTUAL BACKGROUND........................................................................ 4

    A.   Pfizer sued Apotex in Delaware to protect its patent rights, not to delay Apotex's ANDA approval................................................................ 4

    B.   In response to Apotex's ANDA notice letter, Pfizer sued Apotex in Delaware where related cases were pending against Teva involving the same patent and the same issues as in this case ................................ 5

    C.   Apotex attempts to avoid jurisdiction in Delaware by designating its Chicago, Illinois litigation counsel to be its agent for service of process.......................................................................................... 6

    D.   Apotex has selectively designated its agent in Chicago, Illinois for this case ..................................................................................... 7

    E.   Apotex has appeared in this Court nine times in the past six years and has itself asserted claims in Delaware.................................................. 7

    F.   Pfizer filed an identical protective suit in the Northern District of Illinois and has moved to stay that suit pending resolution of Apotex's Motion to Dismiss ................................................................. 8

V.    ARGUMENT.......................................................................................... 8

    A.   Pfizer's choice of litigating this case on its "home turf" of Delaware is of paramount consideration and Apotex's must show that the interests of justice strongly weigh in its favor to warrant transfer.......................... 8

    B.   Apotex has not shown that any relevant *Jumara* factor supports transfer to Illinois............................................................................. 9

        1.   Pfizer's original choice of Delaware should not be lightly disregarded as it has legitimately brought suit here................................. 11

        2.   Apotex has no reasonable basis to transfer this case to Illinois ................................................................................ 12

            (a)   The mirror-image Illinois Action was second filed and therefore should not be given preference over the Delaware Action ................................................................. 13

        (b)    Apotex has no connection to Illinois other than its
appointment of its litigation counsel to be its agent ..................... 13

    3.    There is no need to stay this case pending resolution of the
Illinois Action as Pfizer has requested the Illinois Action be
stayed or transferred to Delaware ............................................................ 14

VI.    CONCLUSION............................................................................................................. 16

## TABLE OF AUTHORITIES

**Page**

### Cases

*Abbott Labs. v. Johnson & Johnson, Inc.*,
  524 F. Supp. 2d 553 (D. Del. 2007)...................................................................... 15

*Affymetrix, Inc. v. Synteni, Inc.*,
  28 F. Supp. 2d 192 (D. Del. 1998)........................................................................ 12

*Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*,
  513 F. Supp. 2d 34 (D. Del. 2007)................................................................... 11, 12

*Bergman v. Brainin*,
  512 F. Supp. 972 (D. Del. 1981)............................................................................ 9

*Boston Scientific Corp. v. Johnson & Johnson Inc.*,
  532 F. Supp. 2d 648 (D. Del. 2008)...................................................................... 11

*Continental Cas. Co. v. American Home Assurance Co.*,
  61 F. Supp. 2d 128 (D. Del. 1999)......................................................................... 9

*Corixa Corp. v. IDEC Pharmaceuticals Corp.*,
  C.A. No. 01-615-GMS, 2002 WL 265094 (D. Del. Feb. 25, 2002) ....................... 14

*Crosley Corp. v. Hazeltine Corp.*,
  122 F.2d 925 (3d Cir. 1941)............................................................................ 14, 15

*E.E.O.C. v. University of Pennsylvania*,
  850 F.2d 969 (3d Cir. 1988)............................................................................ 13, 15

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995)................................................................................. 9, 10

*Moore Corp. v. Wallace Computer Services, Inc.*,
  898 F. Supp. 1089 (D. Del. 1995)......................................................................... 13

*Pfizer Inc. v. Ranbaxy Labs. Ltd.*,
  405 F. Supp. 2d 495 (D. Del. 2005)..................................................................... 5, 6

*Rayco Mfg. Co. v. Chicopee Mfg. Co.*,
  148 F. Supp. 588 (S.D.N.Y. 1957) ....................................................................... 13

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970).......................................................................... 9, 11, 12

*UTI Corp. v. Plating Resources, Inc.*,
  C.A. No. 99-253, 1999 WL 286441 (E.D. Pa. May 7, 1999) ........................................ 15

*Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*,
  775 F. Supp. 759 (D. Del. 1991) ...................................................................................... 9

## **Rules and Statutes**

21 U.S.C. § 355(j) ..................................................................................................................... 5

21 U.S.C. § 355(j)(2)(B) ........................................................................................................... 5

35 U.S.C. § 271(e)(2)(A) ........................................................................................................... 1

Fed. R. Civ. P. 12(b)(2) ......................................................................................................... 2, 11

## I.     INTRODUCTION

Plaintiffs Pfizer Inc., Pfizer Ireland Pharmaceuticals, Warner-Lambert Company, and

Warner-Lambert Company LLC (collectively "Pfizer" or "Plaintiffs") hereby oppose defendants

Apotex Inc. and Apotex Corp.'s. (collectively "Apotex" or "Defendants") Alternative Motion to

Transfer Venue or, Alternatively, to Stay These Proceedings (hereinafter "Transfer Motion")

(D.I. 11). Pfizer's choice to file this case in Delaware should not be overturned merely because

Apotex would prefer to litigate elsewhere.  Apotex proffers no proper basis for transfer.  Its

Transfer Motion should be denied.

## II.    NATURE AND STAGE OF THE PROCEEDING

Pfizer filed the instant complaint against Apotex Inc. and Apotex Corp. in Delaware on

December 17, 2008 (the "Delaware Action"). (D.I. 1). The Delaware Action alleged that

Apotex's Abbreviated New Drug Application ("ANDA") No. 90-548 for atorvastatin calcium

tablets infringed Pfizer's U.S. Patent No. 5,273,995 ("the '995 patent") pursuant to 35 U.S.C. §

271(e)(2)(A) (D.I. 1, ¶¶ 30-33). The '995 patent claims are directed, *inter alia*, to atorvastatin.[1]

Pfizer had previously filed four other lawsuits on this patent in Delaware against prior ANDA

filers.

On December 17, 2008, after the Delaware Action was filed, Pfizer also filed a second

suit against Apotex in the Northern District of Illinois alleging the same cause of action as in the

Delaware Action. *Pfizer Inc. et al. v. Apotex Inc. et al.*, No. 1:08-cv-07231 (Dow) (the "Illinois

Action"). (Mulveny Decl. at ¶ 2, Ex. A). Pfizer commenced the Illinois Action as a protective

measure to maintain an infringement suit against Apotex in the event that Apotex contested

personal jurisdiction in Delaware. (Mulveny Decl. at ¶ 2, Ex. A). Pfizer fully recognizes, and so

---

[1] Atorvastatin is a potent cholesterol lowering drug. Pfizer sells atorvastatin, in the form of its calcium salt, under the brand name Lipitor®. Lipitor® is and has been for many years, the world's best selling drug, with annual sales, world-wide, exceeding $12 billion dollars.

informed Apotex before Apotex filed the instant motion, that only one of these suits should actually be litigated, *i.e.*, the Delaware Action.

Both Apotex defendants answered the Illinois Action on February 9, 2009. (Mulveny Decl. at ¶ 3, Ex. B). Both Apotex defendants also filed counterclaims for declaratory judgment of noninfringement and invalidity with their Answer in the Illinois Action. (Mulveny Decl. at ¶ 3, Ex. B). Pfizer has advised Apotex that it intends to move to dismiss Apotex's counterclaims in the Illinois Action for, among other reasons, lack of jurisdiction. The Court in the Illinois Action has scheduled a status conference on March 24, 2009. No further activity has occurred in the Illinois Action.

Meanwhile, in lieu of filing an Answer in the Delaware Action, Apotex filed this Transfer Motion and defendant Apotex Inc. also filed a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss"). (D.I. 9). Apotex Corp., over whom personal jurisdiction in Delaware is not contested, has not responded to Pfizer's complaint and is in default in the Delaware Action.

Pfizer has asked whether Apotex would agree to dismiss the Illinois Action if the Motion to Dismiss and the Transfer Motion were denied by this Court. Apotex refused. Thus, Pfizer has advised Apotex that it will file a motion to stay the Illinois case pending resolution of Apotex Inc.'s motion to dismiss for lack of personal jurisdiction. (Mulveny Decl. at ¶ 4, Ex. C). If this motion is denied, then Pfizer will file a motion to transfer to Delaware or permanently stay the Illinois Action.

Presently before this Court is Apotex's Alternative Motion to Transfer Venue, or Alternatively, to Stay These Proceedings ("Transfer Motion"). (D.I. 11). In support of its

Transfer Motion, Apotex filed an opening brief ("OpenBr") (D.I. 12). This is Pfizer's brief in opposition to transfer or stay.

## III.    SUMMARY OF ARGUMENT

1.    Pfizer brought this suit in Delaware for at least three sound reasons. First, this Court has jurisdiction over defendant Apotex Corp. because it is a Delaware corporation. Second, the Court also has jurisdiction over Apotex Inc. because Apotex reached into Delaware by sending its ANDA notice letter to Pfizer's Delaware counsel. Additionally, Apotex's ANDA submission caused a tort in Delaware by infringing Pfizer's patent, thereby causing injury to Pfizer, a Delaware corporation. Still further, Apotex Inc. conducts its business as a generic drug company through multiple suits in Delaware both as a plaintiff and a defendant and it sells or causes the sale of numerous products in Delaware. Third, Pfizer had litigated the same '995 patent in this Court before and Pfizer had two pending cases against Teva in this Court on the '995 patent when it sued Apotex. Thus, Pfizer had reasonable grounds to first-file this action in Delaware.

2.    Despite these obvious connections to Delaware, Apotex brings the instant Transfer Motion and wrongly accuses Pfizer of gaming the system and forum shopping. Apotex demands that this case be transferred to Illinois even though its only contact there is its lead trial counsel. Under Third Circuit law, Pfizer's choice of Delaware is the controlling factor, and in moving for transfer, Apotex bears a heavy burden to show the balance of convenience tips strongly in favor of transfer to Illinois. Apotex has failed to carry its burden. In connection with its motion, Apotex identifies no witness, no documents, and no activity related to its ANDA that is located in Illinois. Rather, Apotex's sole basis for transfer is that Pfizer's second-filed Illinois

Action is there. The mere pendency of the precautionary Illinois Action, however, is not a safe harbor for Apotex.  And it is not a proper basis for transfer.

3.      The Illinois Action was filed due to Apotex's well-known game of jurisdictional Whac-A-Mole that it plays with its ANDA submissions in the United States. Apotex attempts to avoid personal jurisdiction anywhere in the United States by launching its ANDAs from behind the Canadian border and then, on an ANDA-by-ANDA basis with different agents, Apotex designates its agent for service of process in the jurisdiction where it prefers to litigate. In this case, Apotex picked the Northern District of Illinois by designating its Chicago litigation counsel to be its agent. Apotex, however, identifies no other connection between this case and Illinois.

4.      Apotex pretends concern about duplicative litigation and squandering judicial resources. These concerns are unfounded because Pfizer never intended for both cases to go forward. In Illinois, Pfizer is requesting that the Illinois Action be stayed. Pfizer informed Apotex of its intention to proceed in only one jurisdiction before the instant motion was filed. Thus, Apotex's argument that this case must be transferred in the interests of justice is both disingenuous and a red herring.

5.      Apotex's alternative motion to stay this case pending resolution of the Illinois Action should be denied pursuant to the first-filed rule as Pfizer had legitimate reasons to bring this case in Delaware and Apotex has failed to show otherwise.

## IV.    FACTUAL BACKGROUND

### A.    Pfizer sued Apotex in Delaware to protect its patent rights, not to delay Apotex's ANDA approval

The underlying subject of this case is the drug atorvastatin that is prescribed to treat elevated levels of "bad" cholesterol in the blood, thereby reducing the likelihood of heart attacks and strokes. Pfizer is the sole holder of the FDA approval to market atorvastatin in the United

States which it sells in the form of a calcium salt under the trademark Lipitor®. (D.I. 1, ¶¶ 3-10). Pfizer also is the owner of U.S. Patent No. 5,273,995 ("the '995 patent") which claims, *inter alia,* atorvastatin. (D.I. 1, ¶ 10).

Apotex filed its ANDA with the FDA seeking approval to sell generic atorvastatin calcium tablets before the expiration date of the '995 patent and certain other Pfizer patents protecting Lipitor®. (D.I. 1, ¶¶ 13-14). Apotex is the fifth company to file an ANDA directed to Lipitor®. It filed its ANDA more than six years after the first filer. In its ANDA, Apotex provided a "Paragraph IV" certification that Apotex's proposed generic copy of Lipitor® would not infringe certain of Pfizer's patents and that these Pfizer's patents are invalid. (D.I. 1, Ex. C). Apotex's submission of its ANDA for generic atorvastatin tablets under 21 U.S.C. § 355(j) infringed Pfizer's '995 patent pursuant to 35 U.S.C. § 271(e)(2)(A). Apotex's infringement of Pfizer's '995 patent is the sole basis for this lawsuit. (D.I. 1, ¶ 1).[2]

> **B.    In response to Apotex's ANDA notice letter, Pfizer sued Apotex in Delaware where related cases were pending against Teva involving the same patent and the same issues as in this case**

As part of its ANDA, Apotex was required to notify Pfizer of the submission by what is called an "ANDA notice letter". 21 U.S.C. § 355(j)(2)(B). In its ANDA notice letter, Apotex stated that its proposed generic atorvastatin copy would not infringe Pfizer's patents and that Pfizer's patents are invalid. (*Id.*). Apotex voluntarily sent its ANDA notice letter, as required by § 355(j)(2)(B), to Pfizer's Delaware counsel, Robert G. McMorrow Jr., a partner in Connolly Bove Lodge & Hutz LLP. (D.I. 1, Ex. C; and D.I. 12-18, Tao Decl. Ex. A).

---

[2] Other generic drug companies have also sought to copy Lipitor® by filing ANDAs seeking FDA approval to sell generic atorvastatin calcium tablets before the '995 patent expires. Pfizer has sued such companies all in Delaware. (Mulveny Decl. ¶¶ 5 -8, Exs. D - G). One such case has gone to trial and is reported as *Pfizer Inc. v. Ranbaxy Labs. Ltd.*, 405 F. Supp. 2d 495 (D. Del. 2005). Apotex's assertion (OpenBr at 17) that "nothing of relevance concerning the subject matter of the '995 patent occurred here" is belied by this Court's extensive involvement with the '995 patent.

Upon receipt of Apotex's ANDA notice letter, Pfizer brought this lawsuit against Apotex and its Delaware entity -- Apotex Corp. -- in the District of Delaware for infringement of the '995 patent. In filing that suit, Pfizer designated two pending cases in Delaware against Teva -- also involving an ANDA for Lipitor® and the infringement of the '995 patent -- as related cases. (*See* D.I. 1, Civil Cover Sheet; Mulveny Decl. ¶¶ 7 - 8, Exs. F - G). Moreover, Pfizer brought suit in Delaware also because this Court had already decided a dispute over another ANDA filed by Ranbaxy Laboratories Ltd., *et al.* for generic atorvastatin which infringed the '995 patent.[3] *See Pfizer Inc. v. Ranbaxy Labs. Ltd.*, CA 03-209 (JJF), 405 F. Supp. 2d 495 (D. Del. 2005), (Mulveny Decl. ¶ 5, Ex. D). In addition, Pfizer has filed additional suits in the Delaware court for infringement of the '995 patent due to ANDAs filed by Cobalt Pharmaceuticals, CA 07-790 (JJF), now resolved by settlement. (Mulveny Decl. at ¶ 8, Ex. G).

C.  **Apotex attempts to avoid jurisdiction in Delaware by designating its Chicago, Illinois litigation counsel to be its agent for service of process**

Apotex Inc. is a Canadian corporation, allegedly with all of its facilities and offices located in Canada. (*See* D.I. 10, at pp. 1, 6). Apotex contends that it conducted all of the underlying activities leading up to its instant ANDA filing in Canada, not Illinois. (*Id.*). Further, Apotex alleges that, if its ANDA is approved by the FDA, it will not be directly selling generic Lipitor® in the United States. (*Id.*). In fact, Apotex alleges that everything supporting its ANDA occurred in Canada, not Illinois. (*Id.*).

Apotex asserts that its only contacts with the United States in connection with its ANDA are: (1) designating an agent in Chicago, Illinois -- its litigation counsel; (2) submitting the actual ANDA to the FDA's offices in Maryland; and (3) sending Apotex's ANDA notice letter to Pfizer

---

[3] Ranbaxy's ANDA also infringed another Pfizer patent, U.S. Patent No. 4,681,893, that Apotex is not challenging in its ANDA.

and its Delaware counsel. Thus, the only connection with Illinois is Apotex's designated agent, who is also Apotex's lead counsel in this case.

### D.    Apotex has selectively designated its agent in Chicago, Illinois for this case

Apotex's business as a drug company critically depends on filing ANDAs with the FDA and litigating about the validity, infringement, and/or enforceability of patents that protect the target drug Apotex wants to copy. However, Apotex has not consistently designated its Chicago litigation counsel as the agent for service of process regarding each individual ANDA it has submitted to the FDA. Instead, Apotex designates different agents for reasons known only to itself and thus tries to steer the resultant litigation to specific District Courts, on a case-by-case basis. If sued in a different jurisdiction, as here, Apotex either accepts that alternative or it denies that the Court has personal jurisdiction and seeks to transfer to the jurisdiction where its designated agent resides. In short, Apotex -- claiming to act only outside of the United States -- seeks through the designation of different agents in different locations for different ANDAs to manipulate the U.S. Judicial System to its own benefit, while denying the injured pioneer drug company the right to litigate where the injury occurred.

### E.    Apotex has appeared in this Court nine times in the past six years and has itself asserted claims in Delaware

While Apotex insists that this case would be better heard in Illinois, over the last six years Apotex Inc. has been a party to nine other ANDA-related patent suits in Delaware. (Mulveny Decl. at ¶¶ 9-16). In one, Apotex Inc. was a plaintiff in a declaratory judgment suit. (Mulveny Decl. Ex. H ). In seven of the remaining Delaware cases (the eighth was dismissed before the Answer was filed), Apotex Inc. answered the Complaint, asserted Counterclaims, and never challenged personal jurisdiction. (Mulveny Decl. at ¶¶ 10-16, Exs. I – O). Moreover, in February of 2009, after filing its present motion contesting this Court's personal jurisdiction over

it, Apotex Inc. nevertheless again consented to personal jurisdiction in this District. (Mulveny Decl. at ¶ 15, Ex. N). In addition, less than two years ago, Apotex Inc. unequivocally admitted in another ANDA case that personal jurisdiction over it was proper in this District. (Mulveny Decl. at ¶ 12, Ex. K at ¶ 8). In these nine other cases, Apotex Inc. engaged the services of various Delaware law firms to represent it and repeatedly entered this State to further its primary business activity before this Court. (Mulveny Decl. at ¶¶ 9-16).

> **F.    Pfizer filed an identical protective suit in the Northern District of Illinois and has moved to stay that suit pending resolution of Apotex's Motion to Dismiss**

Because Apotex identified its litigation counsel in Chicago, Illinois as its only agent for service of process regarding the instant ANDA, Pfizer filed a protective suit in the Northern District of Illinois alleging the same cause of action as this case. Pfizer never intended that both cases would proceed simultaneously, and so informed Apotex's counsel, before the instant motion was filed.

However, because Pfizer believes that jurisdiction is proper in Delaware, Pfizer has filed a motion to stay in the Northern District of Illinois pending resolution of Apotex's Motion to Dismiss in Delaware.

## V.    ARGUMENT

> **A.    Pfizer's choice of litigating this case on its "home turf" of Delaware is of paramount consideration and Apotex's must show that the interests of justice strongly weigh in its favor to warrant transfer**

Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In considering a motion for transfer pursuant to § 1404(a), the Third Circuit holds that: "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d

Cir. 1970) (internal quotations omitted). Here, the burden is upon Apotex to establish that the balance of the interests strongly weighs in favor of transfer to Illinois. *See Continental Cas. Co. v. American Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999). *See also Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759, 762 (D. Del. 1991) (holding that the movant "bears the burden of proving that justice requires a substitute forum and a transfer is not to be liberally granted"). When, as here, Pfizer has chosen to litigate in Delaware for rational and legitimate reasons, Apotex has a heavy burden to show that "the balance of convenience of the parties and witnesses strongly favors" transfer. *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981). For the following reasons, Apotex has not carried its burden.  Its Transfer Motion should be denied.

**B.    Apotex has not shown that any relevant *Jumara* factor supports transfer to Illinois**

In reviewing a motion to transfer, the courts have not limited their consideration to the three enumerated factors in § 1404(a). Rather, the courts will consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citation and internal quotations omitted). In *Jumara*, the Third Circuit identified a number of public and private factors to assist district courts in determining "whether on balance the litigation would more conveniently proceed and the interests of justice [would] be better served by transfer to a different forum." *Id.*

In this case, the following *Jumara* factors are relevant to Apotex's motion: (1) Pfizer's original choice of Delaware; (2) this lawsuit arose from Apotex's commission of a tort against Pfizer, a Delaware corporation; (3) Pfizer was litigating a similar case in Delaware against Teva involving the same '995 patent and Pfizer had previously litigated two other cases involving the

'995 patent in Delaware; (4) co-defendant Apotex Corp. is a Delaware corporation and Delaware has an interest in deciding cases that affect its resident corporations; (5) Apotex has voluntarily appeared and asserted claims in Delaware many times in the past and cannot now complain that Delaware presents an inconvenience in this case; (6) Apotex's desire to transfer the case to Illinois where its only connection to this lawsuit is the presence of its litigation counsel; and (7) Apotex has not made any showing that it would be inconvenienced by litigating this case in Delaware.

Despite 19 pages of briefing, Apotex provides little discussion of the *Jumara* factors and instead focuses only on Pfizer's protective lawsuit -- the Illinois Action. Apotex claims that this case should be transferred merely because there is a similar, second-filed case pending elsewhere and it would be a waste of judicial resources to litigate two cases involving the same dispute. (*See, e.g.*, OpenBr at 9). This argument is unavailing because, as Pfizer clearly advised Apotex, Pfizer never intended to have both this case and the Illinois Action proceed simultaneously. Pfizer rightfully believes this case should properly proceed in Delaware and has moved to stay and will move to transfer the Illinois Action. Thus, Apotex's worrisome complaints of wasting judicial resources are mere sound and fury, signifying nothing.

Apotex's brief does not restrict itself to appropriate legal arguments. Instead, in an effort to overcome the absence of any proper facts supporting transfer, Apotex falsely accuses Pfizer of "judge shopping" and "obvious abuse and gaming of the legal system" in filing this case in Delaware. (OpenBr at 14). Apotex's baseless arguments are not a substitute for facts. And they are fully refuted by the facts. Apotex's meritless allegations cannot overcome the conclusion that the *Jumara* factors unquestionably weigh in favor of keeping this case in Delaware.

1.    **Pfizer's original choice of Delaware should not be lightly disregarded as it has legitimately brought suit here**

As the Third Circuit found in *Schutte*, Pfizer's original choice to bring this action in Delaware is the paramount consideration for the Court. 431 F.2d at 25. This Court has held that the deference afforded Pfizer's choice of forum applies so long as Pfizer has selected Delaware "for some legitimate reason." *Boston Scientific Corp. v. Johnson & Johnson Inc.*, 532 F. Supp. 2d 648, 654 (D. Del. 2008) (citing cases). Here, Pfizer has sued Apotex in the District of Delaware for at least the following five legitimate reasons.

First, Pfizer is incorporated in Delaware and this Court has held that "Delaware has a substantial interest in maintaining lawsuits brought by its corporate citizens and between Delaware corporations." *Amgen, Inc. v. Ariad Pharms., Inc.*, 513 F. Supp. 2d 34, 46 (D. Del. 2007).

Second, this case involves Apotex's tort of patent infringement committed against Pfizer, a Delaware corporation. As discussed in Pfizer's Answering Brief in Opposition to Apotex Inc.'s Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, this injury to Pfizer occurred where Pfizer resides -- Delaware.

Third, at the time this case was filed, Pfizer was litigating two nearly-identical cases in Delaware against Teva. Pfizer designated the Teva actions as related cases when it filed its complaint in this Court. (D.I. 1, Civil Cover Sheet). The related Teva cases in Delaware weigh against transfer to Illinois where no other case is pending (apart from the protectively-filed Illinois Action that Pfizer is presently moving to stay and will move to transfer to Delaware). Apotex has not identified any aspect of this case located in Illinois -- no witnesses, no documents, no facilities, no offices.

11

Fourth, Pfizer, upon information and belief, contends that co-defendant Apotex Corp. -- a Delaware corporation -- is involved in this case. That Apotex Corp. has filed a counterclaim against Pfizer in Illinois confirms the Apotex Corp. must be involved. This Court has expressed a substantial interest in hearing cases between Delaware corporations such as Pfizer and Apotex Corp., *Amgen*, 513 F. Supp. 2d at 46, and, as stated, Apotex has not shown anything, such as convenience of witnesses or location of documents, to suggest that the instant dispute between Pfizer and Apotex Corp. would be better heard in Illinois. Jurisdiction over Apotex Corp. in Delaware is not disputed.

Fifth, Apotex has voluntarily appeared in Delaware to litigate many times in the past. Despite its willingness to come to Delaware in the past, Apotex now inexplicably complains that the interests of justice would be better served if Apotex could take this case to Illinois.

Because Pfizer had an objectively reasonable basis to bring this case in Delaware, Pfizer's choice of forum is the paramount consideration for the Court. Accordingly, Apotex's arguments in its Transfer Motion must weigh against the strong presumption that the case is properly quartered in the District of Delaware. Thus, the Court should grant Apotex's motion only when the balance of convenience tips strongly in its favor. *Shutte*, 431 F.2d at 25; *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 197-98 (D. Del. 1998). As shown below, the balance does not tip in Apotex's favor.

**2.     Apotex has no reasonable basis to transfer this case to Illinois**

For all of its arguments that Pfizer had no reasonable basis to bring this suit in Delaware, which Pfizer has refuted above, Apotex never provides any credible reason why the "interests of justice" weigh in favor of transferring this case to Illinois, a venue where Apotex's only connection is the presence of its lead counsel.

(a)    **The mirror-image Illinois Action was second filed and therefore should not be given preference over the Delaware Action**

Apotex relies on the second-filed mirror-image Illinois Action as the only reason for transferring this case to Illinois. Unfortunately for Apotex, the first-filed rule requires that the Delaware Action should be given priority. *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988). Recognizing that the only pertinent defense to the first filed rule is to accuse Pfizer of forum shopping, *Moore Corp. v. Wallace Computer Services, Inc.*, 898 F. Supp. 1089, 1099 (D. Del. 1995) ("[O]nly where forum shopping is the *sole* motivating factor for plaintiff's choice of forum is dismissal proper."), Apotex predictably, yet baselessly, accuses Pfizer of gaming the system in a futile attempt to override the first-filed rule.

Forum shopping has been defined as choosing a forum with slight connection to the factual circumstances surrounding the suit. *See Rayco Mfg. Co. v. Chicopee Mfg. Co.*, 148 F. Supp. 588, 592-93 (S.D.N.Y. 1957) (finding that "a litigant, whether a swift first or as a prompt retaliator, is open to the charge of forum shopping whenever he chooses a forum with slight connection to the factual circumstances surrounding his suit."). As explained above, Pfizer had many legitimate reasons to file this suit in Delaware. Thus, it cannot be said that Pfizer is forum shopping or gaming the system. Ironically, because Apotex's patent infringement has no connection whatsoever to Illinois, its demand to transfer to Illinois is tantamount to forum shopping. This tactic is consistent with Apotex's pattern of forum shopping.

(b)    **Apotex has no connection to Illinois other than its appointment of its litigation counsel to be its agent**

For all of its bluster about how Illinois is the most appropriate forum for this case, Apotex makes no showing that anything related to this case, other than its Chicago litigation counsel, is located in or around Illinois. Apotex has identified no witness who is reluctant to testify and who is beyond the subpoena power of this Court. Apotex does not suggest that its

documents cannot be produced in Delaware. Both parties are large corporations who have litigated in Delaware previously. And, finally, Apotex has not argued that litigating in Delaware, as compared to Illinois, would be unduly harsh or expensive. In sum, Apotex provides no basis for its demand that this case be transferred to Illinois other than that is where it would prefer to be. This is the essence of forum shopping.

In sum, the strong presumption that the case must stay in Delaware -- Pfizer's original choice of forum -- is unrebutted by Apotex.

### 3.    There is no need to stay this case pending resolution of the Illinois Action as Pfizer has requested the Illinois Action be stayed or transferred to Delaware

Apotex's alternative request that this case be stayed should be rendered moot. Pfizer has requested that the Illinois Action be stayed pending resolution of whether the Delaware Action will proceed, and if so, has stated it will move to transfer or permanently stay the Illinois case. Thus, the risk of having two lawsuits proceeding at the same time should be removed. Not that it ever existed as Pfizer only intended to proceed in one of the actions and had so informed Apotex before the instant motion was filed.

Here, Apotex's request for a stay should be denied as moot because the Delaware Action is the first-filed case and thus has priority over the Illinois Action. The first-filed rule requires that, where cases involving the same basic set of facts are pending in federal courts of equal rank, "the court which first had possession of the subject must decide it," while the second filed action should be stayed or transferred to the court where the first filed action is pending. *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941) (citation omitted); *see also Corixa Corp. v. IDEC Pharms. Corp.*, C.A. No.01-615-GMS, 2002 WL 265094, at *1 (D. Del. Feb. 25, 2002). The Third Circuit has found that the "first-filed rule" encourages sound judicial administration and promotes comity among federal courts of equal rank. *E.E.O.C. v. University*

*of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988). The rule gives the Court the power to enjoin

the subsequent prosecution of proceedings involving the same parties and the same issues

already before another district court. *Id.* at 971.

The Third Circuit has articulated several underlying and compelling policy reasons

behind the first-filed rule. The rule benefits litigants by permitting the party who first brought the

action into a court of competent jurisdiction to be "free from the vexation of subsequent

litigation over the same subject matter." *Crosley*, 122 F.2d at 930. The Third Circuit noted that

the "economic waste involved in duplicating litigation is obvious." *Id.* Further, the Third Circuit

has found that the first-filed rule benefits both the courts and the public they serve: "Courts

already heavily burdened with litigation with which they must of necessity deal should therefore

not be called upon to duplicate each other's work in cases involving the same issues and the

same parties." *Id.*[4]

While the first-filed rule, based in the Court's inherent equity powers, "'is not a rigid or

inflexible rule to be mechanically applied,'" the rule should be followed unless there are "rare or

extraordinary circumstances." *E.E.O.C.*, 850 F.2d at 972, 976 (citations omitted). Such

circumstances include "inequitable conduct, bad faith, or forum shopping." *Id.* at 972. As

discussed above, Pfizer brought this case in Delaware for legitimate reasons. Thus, there are no

circumstances that warrant deviation from the first-filed rule. Accordingly, the Illinois Action

should be stayed or transferred to Delaware and Apotex's motion to stay in Delaware should be

denied as moot.

---

[4]  To our knowledge the Third Circuit has not declined to follow the first filed rule where cases are filed by different parties on the same date. *A fortiori*, where the same party files the second action as a precaution, the first filed rule should apply with greater force. *See UTI Corp. v. Plating Resources, Inc.*, C.A. No. 99-253, 1999 WL 286441, at *7 (E.D. Pa. May 7, 1999) (finding no Third Circuit authority that the first-filed rule should be disregarded or given less weight when the time between the two filings is short). *See also Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557-58 (D. Del. 2007) (finding that between two cases filed hours apart, the first-filed case has priority over the later case due to the first-filed rule, and the Court notes that it respects the choices made by plaintiffs in choosing their forum to bring a case).

## VI.    CONCLUSION

For all the above reasons, Apotex's Transfer Motion should be denied.

CONNOLLY BOVE LODGE & HUTZ LLP


/s/ Rudolf E. Hutz
Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

OF COUNSEL:
William E. McShane
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
(202) 572-0335

*Attorneys for Plaintiffs*

Dated: March 16, 2009
664865_2.DOC

16

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2009, a true copy of the foregoing *Plaintiffs' Brief In Opposition To Defendants Apotex Inc.'s and Apotex Corp.'s Alternative Motion To Transfer Venue or, Alternatively, to Stay These Proceedings* was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

> John C. Phillips, Jr.
> Phillips, Goldman & Spence, P.A.
> 1200 North Broom Street
> Wilmington, DE 19806

I hereby certify that on March 16, 2009, I have sent by U.S. Mail the foregoing document to the following non-registered participant:

> William A. Rakoczy, Esquire
> Rakoczy Molino Mazzochi Siwik LLP
> 6 West Hubbard Street
> Chicago, IL 60610

/s/ Rudolf E. Hutz
Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiffs*

664865_2.DOC