## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PFIZER INC., )
PFIZER IRELAND PHARMACEUTICALS, )
WARNER-LAMBERT COMPANY, and )
WARNER-LAMBERT COMPANY LLC, )
　 )
　　Plaintiffs, )
　 )
　v. ) Civil Action No. 08-948 (LDD)
　 )
APOTEX INC. and )
APOTEX CORP., )
　 )
　　Defendants. )
_____)

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS
## APOTEX INC.'S AND APOTEX CORP.'S MOTION
## TO TRANSFER VENUE OR, ALTERNATIVELY, TO STAY THESE PROCEEDINGS

Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Daniel C. Mulveny (#3984)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

OF COUNSEL:
William E. McShane
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
(202) 572-0335

*Attorneys for Plaintiffs*

Dated: May 26, 2009

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................... 1

II.     NATURE AND STAGE OF THE PROCEEDING ............................................... 1

III.    SUMMARY OF ARGUMENT ........................................................................... 2

IV.     FACTUAL BACKGROUND .............................................................................. 4

        A.    Pfizer sued Apotex in Delaware to protect its patent rights, not to
              delay Apotex's ANDA approval ............................................................... 4

        B.    In response to Apotex's ANDA notice letter, Pfizer sued Apotex in
              Delaware where related cases were pending against Teva involving
              the same '995 patent and the same issues as in this case ........................ 5

        C.    Apotex attempts to avoid jurisdiction in Delaware by designating its
              Chicago, Illinois litigation counsel to be its agent for service of
              process ....................................................................................................... 7

        D.    Apotex has selectively designated its agent in Chicago, Illinois for
              this case ..................................................................................................... 8

        E.    Apotex has appeared in this Court nine times in the past and has
              itself asserted claims in Delaware ........................................................... 8

        F.    Pfizer filed an identical protective suit in the Northern District of
              Illinois and has moved to stay that suit pending resolution of
              Apotex's Motion to Dismiss ..................................................................... 9

V.      ARGUMENT ...................................................................................................... 9

        A.    Pfizer's choice of litigating this case on its "home turf" of Delaware
              is of paramount consideration and Apotex must show that the
              interests of justice strongly weigh in its favor to warrant transfer ......... 9

        B.    Apotex has not shown that any relevant *Jumara* factor supports
              transfer to Illinois .................................................................................. 10

              1.    Pfizer's original choice of Delaware should not be lightly
                    disregarded as it legitimately brought suit here ......................... 12

              2.    Apotex has no reasonable basis to transfer this case to
                    Illinois ....................................................................................... 14

                    (a)    The Illinois Action was second-filed and therefore
                           should not be given preference over the Delaware
                           Action .............................................................................. 14

(b)     Apotex has no connection to Illinois other than its appointment of its litigation counsel to be its agent ..................... 17

(c)     Pfizer's "choice" of Illinois as the location for its second-filed, protective action was dictated by Apotex's designation of an agent for service of process and provides no independent support for transfer ........................................................................................ 17

3.     There is no need to stay this case pending resolution of the Illinois Action as Pfizer has requested the Illinois Action be stayed or transferred to Delaware ............................................................ 18

VI.     CONCLUSION ............................................................................................. 20

# TABLE OF AUTHORITIES

**Page**

<u>Cases</u>

*Abbott Labs. v. Johnson & Johnson, Inc.*,
  524 F. Supp. 2d 553 (D. Del. 2007)................................................................................ 18

*Abbott Labs. v. Mylan Pharms., Inc.*,
  CA 05 C 6561, 2006 WL 850916 (N.D. Ill. Mar. 28, 2006) ................................ 15, 16, 17

*Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*,
  No. 07-993, 2007 WL 4284877 (W.D. Mich. Dec. 3, 2007)............................................ 19

*Affymetrix, Inc. v. Synteni, Inc.*,
  28 F. Supp. 2d 192 (D. Del. 1998).................................................................................... 14

*Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*,
  513 F. Supp. 2d 34 (D. Del. 2007).............................................................................. 12, 13

*Aventis Pharma Deutschland GmbH v. Lupin Ltd.* [“*Aventis Deutschland*”],
  403 F. Supp. 2d 484 (E.D. Va. 2005) .................................................................... 17, 19, 20

*Aventis Pharma S.A. v. Sandoz Inc.* [“*Aventis*”],
  CA 06-3671 (MLC), 2007 WL 1101228 (D. N.J. Apr. 10, 2007)............................... 16, 17

*Bergman v. Brainin*,
  512 F. Supp. 972 (D. Del. 1981)....................................................................................... 10

*Boston Scientific Corp. v. Johnson & Johnson Inc.*,
  532 F. Supp. 2d 648 (D. Del. 2008).................................................................................. 12

*Continental Cas. Co. v. American Home Assurance Co.*,
  61 F. Supp.2d 128 (D. Del. 1999)..................................................................................... 10

*Corixa Corp. v. IDEC Pharmaceuticals Corp.*,
  C.A. No. 01-615-GMS, 2002 WL 265094 (D. Del. Feb. 25, 2002) ................................. 19

*Crosley Corp. v. Hazeltine Corp.*,
  122 F.2d 925 (3d Cir. 1941).............................................................................................. 18

*E.E.O.C. v. University of Pennsylvania*,
  850 F.2d 969 (3d Cir. 1988).................................................................................. 14, 19, 20

*Genentech, Inc. v. Eli Lilly & Co.*,
  998 F.2d 931 (Fed. Cir. 1993)........................................................................................... 20

*Jumara v. State Farm Ins. Co.,*
    55 F.3d 873 (3d Cir. 1995)..................................................................... 10, 11, 12

*Moore Corp. v. Wallace Computer Services, Inc.,*
    898 F. Supp. 1089 (D. Del. 1995) ........................................................... 14

*PDL Biopharma Inc. v. Sun Pharmaceutical Indus., Ltd.,*
    CA 07-11709, 2007 WL 2261386 (E.D. Mich. Aug. 6, 2007) ................... 16, 17

*Pfizer Inc. v. Ranbaxy Labs. Ltd.,*
    405 F. Supp. 2d 495 (D. Del. 2005)........................................................ 5, 6

*Rayco Mfg. Co. v. Chicopee Mfg. Co.,*
    148 F. Supp. 588 (S.D.N.Y. 1957).......................................................... 15

*Schering Corp. v. Caraco Pharm. Labs., Ltd.,*
    No. 06-14386, 2007 WL 1648908 (E.D. Mich. June 6, 2007) ...................... 20

*Shutte v. Armco Steel Corp.,*
    431 F.2d 22 (3d Cir. 1970)...................................................................... 10, 12, 14

*UTI Corp. v. Plating Resources, Inc.,*
    C.A. No. 99-253, 1999 WL 286441 (E.D. Pa. May 7, 1999) ......................... 18

*Waste Distillation Technology, Inc. v. Pan American Resources, Inc.,*
    775 F. Supp. 759 (D. Del. 1991) ............................................................... 10

## **Statutes**

21 U.S.C. § 355(j) ........................................................................................... 5

21 U.S.C. § 355(j)(2)(B) ................................................................................... 5

21 U.S.C. § 355(j)(5)(C) ................................................................................... 6

28 U.S.C. § 1404(a) ......................................................................................... 10

35 U.S.C. § 271(e)(2)(A). .................................................................................. 5

8 Del. C. § 371 ................................................................................................ 8

8 Del. C. § 383 ................................................................................................ 8

## I.    INTRODUCTION

Plaintiffs Pfizer Inc., Pfizer Ireland Pharmaceuticals, Warner-Lambert Company, and Warner-Lambert Company LLC (collectively "Pfizer" or "Plaintiffs") hereby oppose Defendants Apotex Inc.'s and Apotex Corp.'s. (collectively "Apotex" or "Defendants") Motion to Transfer Venue or, Alternatively, to Stay These Proceedings (hereinafter "Transfer Motion") (D.I. 32). Pfizer's choice to first file this case in Delaware should not be overturned merely because Apotex would prefer to litigate elsewhere. Apotex proffers no proper basis for transfer. Its Transfer Motion should be denied.

Apotex's Transfer Motion is based on the incorrect premise that Pfizer is pursuing duplicative litigation. But Pfizer has moved to stay the second-filed Illinois case pending resolution of whether Apotex's motion to dismiss the Delaware case for lack of personal jurisdiction (D.I. 28) should be denied. If Apotex's personal jurisdiction motion is denied, Pfizer will move to transfer the Illinois case to Delaware. If Apotex's motion is granted on personal jurisdiction grounds (and it should not be) then, and only then, should this case be transferred to Illinois where it can be consolidated with the Illinois case. In no event will there be duplicative litigation.

## II.   NATURE AND STAGE OF THE PROCEEDING

Because Pfizer filed an amended complaint in this Court on March 23, 2009 (D.I. 25)[1], Apotex withdrew its original Motions to Dismiss (D.I. 9) and Transfer (D.I. 11) as moot. Apotex has now filed a new Motion to Dismiss (D.I. 28) and a new Transfer Motion (D.I. 32) in lieu of answering Pfizer's amended complaint.[2] This is Pfizer's opposition to Apotex's Transfer Motion

---

[1] In the amended complaint, Pfizer added a count of patent infringement based on its newly granted U.S. Reissue Patent No. RE40,667 (the "RE667 patent"). Pfizer also provided additional jurisdictional allegations.

[2] Apotex has also filed a third motion for partial dismissal in response to Pfizer's amended complaint (D.I. 34).

(D.I. 32). Pfizer has separately responded to Apotex's Motion to Dismiss, to which reference is made for further support for the propriety of Pfizer's first-filed suit in Delaware.

Regarding the second-filed Illinois case, *Pfizer Inc., et al. v. Apotex Inc., et al.*, No. 1:08-cv-07231 (Dow) ("Illinois Action"), Pfizer has moved to stay that case and Apotex has opposed the stay. The briefing for that motion was completed on April 27, 2009. Additionally, because Apotex opposed the filing of an amended complaint in the Illinois Action, the two cases are not presently identical. Pfizer has moved to amend its complaint in the Illinois Action to add a count for infringement of the RE667 patent and the briefing on this motion was completed on May 4, 2009. If the Illinois Court grants Pfizer's motion to amend its complaint, the Illinois Action will be reset and Apotex will then respond to the amended complaint.

## III.    SUMMARY OF ARGUMENT

1.    Apotex's Transfer Motion is stale. Pfizer has already moved to stay the Illinois Action so that this Court can resolve Apotex's personal jurisdiction challenge. Transferring or staying this case *after* the Illinois Action is stayed is nonsensical and a waste of judicial resources. Only one of the two actions should go forward, and for the reasons set forth herein, the Delaware Action was appropriately filed and should be accorded priority. If Apotex truly wants speedy resolution of this dispute, it should withdraw its baseless personal jurisdiction challenge, and not dispute jurisdiction in Delaware (as it has done many times in the past).

2.    Pfizer brought this suit in Delaware for at least three sound reasons. First, this Court has jurisdiction over defendant Apotex Corp. because it is a Delaware corporation. Second, the Court also has jurisdiction over Apotex Inc. because Apotex reached into Delaware by sending its ANDA notice letter to Pfizer's Delaware counsel. Additionally, Apotex's ANDA submission caused a tort in Delaware by infringing Pfizer's patents, thereby causing injury to Pfizer, a Delaware corporation. Still further, Apotex Inc. conducts its business as a generic drug

2

company through multiple suits in Delaware, both as a plaintiff and a defendant, and it sells or causes the sale of numerous products in Delaware. Third, Pfizer has litigated the same '995 patent in this Court continuously over the past six years, against three other defendants, and Pfizer had two pending cases against Teva in this Court on the '995 patent when it sued Apotex. Thus, Pfizer had reasonable grounds to first-file this action in Delaware.

3.    Despite these obvious connections to Delaware, Apotex brings the instant Transfer Motion and wrongly accuses Pfizer of gaming the system and forum shopping. Apotex demands that this case be transferred to Illinois even though its only contact there is its lead trial counsel. Under Third Circuit law, Pfizer's choice of Delaware is the controlling factor, and in moving for transfer, Apotex bears a heavy burden to show the balance of convenience tips strongly in favor of transfer to Illinois. Apotex has failed to carry its burden. In connection with its motion, Apotex identifies no witness, no document, and no activity related to its ANDA that is located in Illinois, because there are none. Rather, Apotex's sole basis for transfer is that Pfizer's second-filed Illinois Action is there. The mere pendency of the precautionary Illinois Action, however, is not a safe harbor for Apotex. And it is not a proper basis for transfer.

4.    Pfizer was forced to file a precautionary action in Illinois because of Apotex's well-known game of jurisdictional Whac-A-Mole that it plays with its ANDA submissions in the United States. Apotex attempts to avoid personal jurisdiction anywhere in the United States by launching its ANDAs from behind the Canadian border and then, on an ANDA-by-ANDA basis, Apotex designates its agent for service of process in the jurisdiction where it prefers to litigate the particular ANDA. In this case, Apotex picked the Northern District of Illinois by designating its Chicago litigation counsel to be its agent and, consequently, that was Pfizer's only choice

where a precautionary suit could be brought. Apotex, however, identifies no other connection between this case and Illinois.

5.      Apotex pretends concern about duplicative litigation and squandering judicial resources. These concerns are unfounded. Pfizer never intended for both cases to go forward and has already moved to stay the Illinois Action. Pfizer informed Apotex of its intention to proceed in only one jurisdiction before Apotex filed its original Motion to Transfer. And, when Pfizer moved to stay the Illinois Action to allow this Court to decide the personal jurisdiction issue, *Apotex opposed that sensible request*. Thus, Apotex's argument that this case must be transferred in the interests of justice and that Pfizer is insisting on duplicative, wasteful litigation, is both disingenuous and a red herring.

6.      Apotex's alternative motion to stay this case pending resolution of the Illinois Action should be denied pursuant to the First-to-File rule. Pfizer had legitimate reasons to bring this case in Delaware and Apotex has failed to show otherwise.

## IV.    FACTUAL BACKGROUND

### A.    Pfizer sued Apotex in Delaware to protect its patent rights, not to delay Apotex's ANDA approval

The underlying subject of this case is the drug atorvastatin that is prescribed to treat elevated levels of "bad" cholesterol in the blood, thereby reducing the likelihood of heart attacks and strokes.[3] Pfizer is the sole holder of the FDA approval to sell atorvastatin in the United States which it sells in the form of a calcium salt under the trademark Lipitor®. (D.I. 25, ¶¶ 5-12.) Pfizer is the owner of U.S. Patent No. 5,273,995 ("the '995 patent") and the RE667 patent which claim, *inter alia,* the atorvastatin in Lipitor®. (D.I. 25, ¶¶ 5-11, Exs. A, B.) Apotex's

---

[3] Atorvastatin is a potent cholesterol-lowering drug. Pfizer sells atorvastatin, in the form of its calcium salt, under the brand name Lipitor®. Lipitor® is, and has been for many years, the world's best selling drug, with annual sales, world-wide, exceeding $12 billion dollars.

infringement of Pfizer's '995 and RE667 patents is the sole basis for this lawsuit. (D.I. 25, ¶ 1; D.I. 31 [Tao Decl.] ¶ 18.)[4]

Apotex filed its ANDA with the FDA seeking approval to sell generic atorvastatin calcium tablets before the expiration date of the '995 and RE667 patents and certain other Pfizer patents protecting Lipitor®. (D.I. 25, ¶¶ 17-18; D.I. 31 [Tao Decl.] ¶¶ 18-21.) Apotex is the fifth company to file an ANDA directed to Lipitor®. It filed its ANDA more than six years after the first filer (Ranbaxy). In its ANDA, Apotex provided a "Paragraph IV" certification that Apotex's proposed generic copy of Lipitor® would not infringe certain of Pfizer's patents and that these Pfizer patents are invalid. (D.I. 31 [Tao Decl.] ¶¶ 21-22, Ex. A, Original Notice Letter; D.I. 30 [Phillips Decl.] ¶ 20, Ex. S, RE667 Notice Letter.) Apotex's submission of its ANDA for generic atorvastatin tablets under 21 U.S.C. § 355(j) infringed Pfizer's '995 and RE667 patents pursuant to 35 U.S.C. § 271(e)(2)(A). Apotex's infringement of Pfizer's '995 and RE667 patents is the sole basis for this lawsuit. (D.I. 25 ¶ 1; D.I. 31 [Tao Decl.] ¶ 18.)[5]

**B.    In response to Apotex's ANDA notice letter, Pfizer sued Apotex in Delaware where related cases were pending against Teva involving the same '995 patent and the same issues as in this case**

As part of its ANDA, Apotex was required to notify Pfizer of the submission in what is called an "ANDA notice letter". 21 U.S.C. § 355(j)(2)(B). In its ANDA notice letter, Apotex stated as the basis for its Paragraph IV certification that its proposed generic atorvastatin product would not infringe Pfizer's patents and that Pfizer's patents are invalid. (D.I. 31 [Tao Decl.] ¶ 22, Ex. A; D.I. 30 [Phillips Decl.] ¶ 20, Ex. S.) Apotex voluntarily sent its ANDA notice letter, as

---

[4] Other generic drug companies have also sought to copy Lipitor® by filing ANDAs seeking FDA approval to sell generic atorvastatin tablets before the '995 patent expires. Pfizer has sued all such companies in Delaware. (Mulveny Decl. ¶¶ 2-5, Exs. A-D.) One case has gone to trial and is reported as *Pfizer Inc. v. Ranbaxy Labs. Ltd.*, 405 F. Supp. 2d 495 (D. Del. 2005) (Mulveny Decl. ¶ 2, Ex. A.)

[5] Apotex's assertion that "nothing of relevance concerning the subject matter of the '995 and '667 patents occurred here" (D.I. 33, Apotex Inc.'s Br. in Supp. of Mot. to Transfer Venue or, Alternatively, to Stay These Proceedings ("OpenBr"), at 18-19) is belied by this Court's extensive involvement with the '995 patent. (*See* n.4, *supra*).

required by § 355(j)(2)(B), to Pfizer's Delaware counsel, Robert G. McMorrow, Jr. [6] (D.I. 31 [Tao Decl.] ¶ 22, Ex. A; D.I. 30 [Phillips Decl.] ¶ 20, Ex. S; OpenBr at 7-8.) Pursuant to § 355(j)(5)(C), Apotex's ANDA notice letter also contained a purported offer of confidential access that is required if Apotex were to assert a declaratory judgment action against Pfizer. (D.I. 31 [Tao Decl.] ¶ 22, Ex. A at 3.) The offer of confidential access was limited to attorneys from one outside law firm representing Pfizer. (*Id.*) Presumably, Apotex sent its ANDA notice letter to Pfizer's Delaware counsel, Mr. McMorrow, in an effort to extend the offer of confidential access to Mr. McMorrow and thus satisfy § 355(j)(5)(C).

Upon receipt of Apotex's ANDA notice letter, Pfizer initiated this lawsuit against Apotex Inc. and its Delaware entity—Apotex Corp.—in the District of Delaware for infringement of the '995 patent.[7] (D.I. 1.) In filing that suit, Pfizer designated two pending cases in Delaware against Teva Pharmaceuticals—also involving an ANDA for atorvastatin and the infringement of the '995 patent—as related cases. (*See* Mulveny Decl. ¶¶ 3-4, Exs. B-C, Mulveny Decl. ¶ 6, Ex. E, Civil Cover Sheet.) Moreover, Pfizer brought suit in Delaware also because this Court had already decided a dispute over an ANDA filed by Ranbaxy Laboratories Ltd., *et al.* for generic atorvastatin which this Court found infringed the '995 patent (Ranbaxy's ANDA also infringed another Pfizer patent that Apotex is not challenging in its ANDA). *See Pfizer Inc. v. Ranbaxy Labs. Ltd.*, C.A. No. 03-209 (JJF), 405 F. Supp. 2d 495 (D. Del. 2005) (Mulveny Decl. ¶ 2, Ex.

---

[6] Apotex's assertion that "nothing, repeat nothing, concerning that ANDA, or anything else giving rise to this action occurred anywhere near Delaware" is belied by the fact that Apotex sent its ANDA notice letter to Pfizer's Delaware counsel, Robert G. McMorrow. (*Compare* D.I. 30 [Phillips Decl.] ¶ 20, Ex. S and D.I. 31 [Tao Decl.] ¶ 22, Ex. A *with* OpenBr at 13.) Apotex does not contest intentionally sending its ANDA notice letters to Delaware, however, it now says it did so merely as a "courtesy." (OpenBr at 7-8.)

[7] Apotex Corp. is a Delaware corporation. (Mulveny Decl. ¶ 7, Ex. F), and Apotex's present contention that Apotex Corp. has nothing to do with the ANDA at issue in this case, (*see* D.I. 29, at 2), is belied by the fact that Apotex Corp. joined Apotex Inc. in filing a counterclaim for declaratory judgment against Pfizer in the Northern District of Illinois based on the same ANDA. (D.I. 30 [Phillips Decl.] ¶ 3, Ex. B.) Thus, Apotex's present contention that Apotex Corp. has no involvement in Apotex's ANDA for generic atorvastatin does not match the actions of its Delaware affiliate in Illinois. (*Id.*) Pfizer has not had discovery and thus is unable to confirm Apotex Corp.'s participation in this ANDA and its filing.

A.) Pfizer filed additional suits in the Delaware Court for infringement of the '995 patent based on ANDAs filed by Cobalt Pharmaceuticals, CA 07-790 (JJF), now resolved by settlement. (Mulveny Decl. ¶ 5, Ex. D.) This case is therefore the fourth suit filed by Pfizer in Delaware on the '995 Lipitor® patent. Apotex's assertion that Pfizer decided to shop around and select Delaware (D.I. 29, Apotex Br. in Supp. of Mot. to Dismiss, at 2) is belied by Pfizer's prior litigations involving the '995 patent which have been pending continuously in the Delaware District Court over more than six years.

### C.   Apotex attempts to avoid jurisdiction in Delaware by designating its Chicago, Illinois litigation counsel to be its agent for service of process

Apotex Inc. is a Canadian corporation, allegedly with all of its facilities and offices located in Canada. (*See* D.I. 29 at 6.) Apotex contends that it conducted all of the underlying activities leading up to its instant ANDA filing in Canada, not Illinois. (D.I. 29 at 12; D.I. 31 [Tao Decl.] ¶¶ 4-5, 17-18.) Further, Apotex alleges that, if its ANDA is approved by the FDA, it will not be directly selling generic Lipitor® in the United States. (D.I. 29, at 11-12; D.I. 31 [Tao Decl.] ¶¶ 12-13.) In fact, Apotex alleges that everything supporting its ANDA occurred in Canada, not Illinois. (D.I. 29, at 11-12; D.I. 31 [Tao Decl.] ¶¶ 17-18.)

Apotex asserts that its only contacts with the United States in connection with its ANDA are: (1) designating an agent in Chicago, Illinois -- its litigation counsel (D.I. 29, at 12; D.I. 31 [Tao Decl.] ¶ 24); (2) submitting the actual ANDA to the FDA's offices in Maryland (D.I. 29, at 12; D.I. 31 [Tao Decl.] ¶¶ 19-20); and (3) sending Apotex's ANDA notice letter to Pfizer and its Delaware counsel (D.I. 31 [Tao Decl.] ¶¶ 22-23). Thus, the only connection with Illinois is Apotex's designated agent, who is also Apotex's lead counsel in this case.

**D.      Apotex has selectively designated its agent in Chicago, Illinois for this case**

Apotex's business as a generic drug company critically depends on filing ANDAs with the FDA and litigating about the validity, infringement, and/or enforceability of patents that protect the target drug Apotex wants to copy. However, Apotex has not consistently designated its Chicago litigation counsel as the agent for service of process regarding each individual ANDA it has submitted to the FDA. Instead, Apotex designates different agents for reasons known only to itself and thus tries to steer the resultant litigation to specific District Courts, on a case-by-case basis. If sued in a different jurisdiction, as here, Apotex either accepts that alternative or it denies that the Court has personal jurisdiction and seeks to transfer to the jurisdiction where its designated agent resides. In short, Apotex—claiming to act only outside of the United States—seeks through the designation of different agents in different locations for different ANDAs to manipulate the U.S. Judicial System to its own benefit, while denying the injured pioneer drug company the right to litigate where the injury occurred.

**E.      Apotex has appeared in this Court nine times in the past and has itself asserted claims in Delaware**

Apotex Inc. admits that it has been a defendant in eleven other ANDA-related patent suits in Delaware. (D.I. 29, at 17-18.) Apotex Inc. further admits that it has consented to (or not opposed) jurisdiction in Delaware in nine of the past eleven cases where it has been a party. (D.I. 29, at 17-18.) In one, Apotex Inc. was a plaintiff in a declaratory judgment suit. (Mulveny Decl. ¶ 8, Ex. G.) In eight of the Delaware cases, Apotex Inc. answered the Complaint, raised Counterclaims, and never challenged personal jurisdiction. (Mulveny Decl. ¶¶ 9-16, Exs. H-O.) Apotex thereby affirmatively sought relief in Delaware courts.[8] Moreover, in February of 2009,

---

[8] Under 8 Del. C. § 371, Apotex Inc. was required to qualify as a foreign corporation to do business in Delaware by making the required filings with the Secretary of State of Delaware. Under 8 Del. C. § 383, Apotex Inc. was required to comply with § 371 in order to file and maintain these counterclaims.

after filing its present motion contesting this Court's personal jurisdiction over it, Apotex Inc.

nevertheless again consented to personal jurisdiction in this District. (Mulveny Decl. ¶ 14, Ex.

M.) In addition, Apotex Inc. has recently unequivocally admitted in another ANDA patent case

that personal jurisdiction over it was proper in this District. (Mulveny Decl. ¶ 11, Ex. J at ¶ 8.) In

the nine Delaware ANDA cases, Apotex Inc. engaged the services of various Delaware law firms

to represent it and repeatedly entered this State to further its primary business activity before this

Court. (D.I. 29, at 17-18; Mulveny Decl. ¶¶ 8-16, Exs. G-O.)

### F.    Pfizer filed an identical protective suit in the Northern District of Illinois and has moved to stay that suit pending resolution of Apotex's Motion to Dismiss

Because Apotex identified its litigation counsel in Chicago, Illinois as its only agent for

service of process regarding the instant ANDA, Pfizer filed a protective suit in the Northern

District of Illinois alleging the same cause of action as this case. (D.I. 30 [Phillips Decl.] ¶ 2, Ex.

A.) Pfizer never intended that both cases would proceed simultaneously, and so informed

Apotex's counsel, before Apotex filed its original Transfer Motion.

However, because Pfizer believes that jurisdiction is proper in Delaware, Pfizer has filed

a motion to stay in the Northern District of Illinois pending resolution of Apotex's Motion to

Dismiss in Delaware. The Illinois motion to stay has been fully briefed and is ripe for decision.

(D.I. 30 [Phillips Decl.] ¶ 16, Ex. O [Motion to Stay the Illinois Action].) Apotex's assertion that

the Illinois Action "will proceed no matter what happens here," (OpenBr at 12), is incorrect.

### V.    ARGUMENT

### A.    Pfizer's choice of litigating this case on its "home turf" of Delaware is of paramount consideration and Apotex must show that the interests of justice strongly weigh in its favor to warrant transfer

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it

might have been brought." 28 U.S.C. § 1404(a). In considering a motion for transfer pursuant to § 1404(a)\, the Third Circuit holds that: "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal quotations omitted). Here, the burden is upon Apotex to establish that the balance of the interests strongly weighs in favor of transfer to Illinois. *See Continental Cas. Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999). *See also Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759, 762 (D. Del. 1991) (holding that the movant "bears the burden of proving that justice requires a substitute forum and a transfer is not to be liberally granted"). When, as here, Pfizer has chosen to litigate in Delaware for rational and legitimate reasons, Apotex has a heavy burden to show that "the balance of convenience of the parties and witnesses strongly favors" transfer. *Bergman v. Brainin*, 512 F. Supp. 972, 973 (D. Del. 1981). For the following reasons, Apotex has not carried its burden. Its Transfer Motion should be denied.

### B. Apotex has not shown that any relevant *Jumara* factor supports transfer to Illinois

In reviewing a motion to transfer, the courts have not limited their consideration to the three enumerated factors in § 1404(a). Rather, courts will consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (quotation omitted). In *Jumara*, the Third Circuit identified a number of public and private factors to assist district courts in determining "whether on balance the litigation would more conveniently proceed and the interests of justice [would] be better served by transfer to a different forum." *Id.*

In this case, the following *Jumara* factors are relevant to Apotex's motion: (1) Pfizer's original choice of Delaware; (2) this lawsuit arose from Apotex's commission of a tort against Pfizer, a Delaware corporation; (3) Pfizer was litigating a similar case in Delaware against Teva involving the same '995 patent and Pfizer had previously litigated two other cases involving the '995 patent in Delaware; (4) co-defendant Apotex Corp. is a Delaware corporation and Delaware has an interest in deciding cases that affect its resident corporations; (5) Apotex has voluntarily appeared and asserted claims in Delaware many times in the past, enjoying the benefits of the Delaware Court and the Delaware legal community, and cannot now complain that Delaware presents an inconvenience in this case; (6) Apotex's desire to transfer the case to Illinois where its only connection to this lawsuit is the presence of its litigation counsel; and (7) Apotex has not made any showing that it would be inconvenienced by litigating this case in Delaware.

Despite 21 pages of briefing, Apotex provides little discussion of the *Jumara* factors and instead focuses only on Pfizer's protective lawsuit—the Illinois Action. Apotex claims that this case should be transferred merely because there is a similar, second-filed case pending elsewhere and it would be a waste of judicial resources to litigate two cases involving the same dispute. (*See*, *e.g.*, OpenBr at 9.) This argument is unavailing because Pfizer never intended to have both this case and the Illinois Action proceed simultaneously and so informed Apotex well before Apotex first tried to transfer this case to Illinois. Pfizer rightfully believes this case should properly proceed in Delaware and has moved to stay and will move to transfer the Illinois Action to Delaware if Apotex's personal jurisdiction challenged is rejected as it should be. Thus, Apotex's worrisome complaints of wasting judicial resources are mere sound and fury, signifying nothing.

Apotex's brief does not restrict itself to appropriate legal arguments. Instead, in an effort to overcome the absence of any proper facts supporting transfer, Apotex falsely accuses Pfizer of "proliferate proceedings," "forum- and judge-shopping" (sometimes "blatant") and "gaming of the system" in filing this case in Delaware. (OpenBr at 1, 13, 15, 21.) Apotex's baseless arguments are not a substitute for facts. And they are fully refuted by the facts. Apotex's meritless allegations cannot overcome the conclusion that the *Jumara* factors unquestionably weigh in favor of keeping this case in Delaware.

### 1. Pfizer's original choice of Delaware should not be lightly disregarded as it legitimately brought suit here

As the Third Circuit found in *Shutte*, Pfizer's original choice to bring this action in Delaware is the paramount consideration for the Court. 431 F.2d at 25. This Court has held that the deference afforded Pfizer's choice of forum applies so long as Pfizer has selected Delaware "for some legitimate reason." *Boston Scientific Corp. v. Johnson & Johnson Inc.*, 532 F. Supp. 2d 648, 654 (D. Del. 2008) (citing cases). Here, Pfizer has sued Apotex in the District of Delaware for at least the following five legitimate reasons.[9]

First, Pfizer is incorporated in Delaware and this Court has held that "Delaware has a substantial interest in maintaining lawsuits brought by its corporate citizens and between Delaware corporations." *Amgen, Inc. v. Ariad Pharms., Inc.*, 513 F. Supp. 2d 34, 46 (D. Del. 2007).

Second, this case involves Apotex's tort of patent infringement committed against Pfizer, a Delaware corporation. As discussed in Pfizer's memorandum in opposition to Apotex's motion to dismiss for lack of personal jurisdiction, the injury to Pfizer from this infringement occurred

---

[9] Further reasons and detail supporting Pfizer's choice of Delaware for its first-filed suit are supported in Pfizer's concurrently-filed opposition to Apotex's Motion to Dismiss for alleged lack of personal jurisdiction over Apotex Inc. (D.I. 36.)

where Pfizer resides—Delaware. Moreover, Apotex's ANDA notice letters—the basis for this suit—and its offer for confidential access were sent into Delaware to comply with the requirements of the Hatch-Waxman Act. (D.I. 30 [Phillips Decl.] ¶ 20, Ex. S; D.I. 31 [Tao Decl.] ¶ 22, Ex. A.)

Third, at the time this case was filed, Pfizer was litigating two nearly-identical cases in Delaware against Teva. (Mulveny Decl. ¶¶ 3-4, Exs. B-C.)  Pfizer designated the Teva actions as related cases when it filed its original complaint in this Court. (Mulveny Decl. ¶ 6, Ex. E.) The related Teva cases in Delaware weigh against transfer to Illinois where no other case is pending (apart from the protectively-filed Illinois Action that Pfizer is presently moving to stay and will move to transfer to Delaware). Apotex has not identified any aspect of this case located in Illinois -- no witnesses, no documents, no facilities, no offices.

Fourth, Pfizer, upon information and belief, contends that co-defendant Apotex Corp.—a Delaware corporation—is involved in this case. That Apotex Corp. has filed a counterclaim against Pfizer in Illinois confirms the Apotex Corp. must be involved. (D.I. 31 [Tao Decl.] ¶ 3, Ex. B.)  This Court has expressed a substantial interest in hearing cases between Delaware corporations such as Pfizer and Apotex Corp., *Amgen*, 513 F. Supp. 2d at 46, and, as stated above, Apotex has not shown anything, such as convenience of witnesses or location of documents, to suggest that the instant dispute between Pfizer and Apotex Corp. would be better heard in Illinois. Jurisdiction over Apotex Corp. in Delaware is not disputed.

Fifth, Apotex has voluntarily appeared in Delaware to litigate many times in the past. (Mulveny Decl. ¶¶ 8-16, Ex. G-O.) Despite its prior willingness to come to Delaware, Apotex now inexplicably complains that the interests of justice would be better served if Apotex could take this case to Illinois.

Apotex's assertion of a "weak, if non-existent, connection to this forum" is wrong. (OpenBr at 4.) Because Pfizer had objectively reasonable bases to bring this case in Delaware, Pfizer's choice of forum is the paramount consideration for the Court. Accordingly, Apotex's arguments in its Transfer Motion must weigh against the strong presumption that the case is properly quartered in the District of Delaware. Thus, the Court should grant Apotex's motion only when the balance of convenience tips strongly in its favor. *Shutte*, 431 F.2d at 25; *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 197-98 (D. Del. 1998). As shown below, the balance does not tip in Apotex's favor.

### 2.    Apotex has no reasonable basis to transfer this case to Illinois

For all of its arguments that Pfizer had no reasonable basis to bring this suit in Delaware, which Pfizer has refuted above, Apotex never provides any credible reason why the "interests of justice" weigh in favor of transferring this case to Illinois, a venue where Apotex's only connection is the presence of its lead counsel.

### (a)    The Illinois Action was second-filed and therefore should not be given preference over the Delaware Action

Apotex relies on the second-filed Illinois Action as the only reason for transferring this case to Illinois. (*See generally*, OpenBr.) Unfortunately for Apotex, the First-to-File rule requires that the Delaware Action should be given priority. *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988). Recognizing that the only pertinent defense to the First-to-File rule is to accuse Pfizer of forum shopping, *Moore Corp. v. Wallace Computer Services, Inc.*, 898 F. Supp. 1089, 1099 (D. Del. 1995) ("[O]nly where forum shopping is the *sole* motivating factor for plaintiff's choice of forum is dismissal proper.") (emphasis in original), Apotex predictably, yet baselessly, accuses Pfizer of gaming the system in a futile attempt to override the first-filed rule. (OpenBr at 15.) Apotex's allegations of forum-shopping are baseless for two reasons.

14

First, forum shopping has been defined as choosing a forum with slight connection to the factual circumstances surrounding the suit. *See Rayco Mfg. Co. v. Chicopee Mfg. Co.*, 148 F. Supp. 588, 592-93 (S.D.N.Y. 1957) (finding that "a litigant, whether a swift first or as a prompt retaliator, is open to the charge of forum shopping whenever he chooses a forum with slight connection to the factual circumstances surrounding his suit."). As explained above, Pfizer had many legitimate reasons to file this suit in Delaware. Thus, it cannot be said that Pfizer is forum shopping or gaming the system. Ironically, because Apotex's patent infringement has no connection whatsoever to Illinois, its demand to transfer to Illinois is tantamount to forum shopping.

Second, the courts have found that the filing of protective lawsuits in ANDA litigation, as Pfizer has done here, does not amount to forum shopping or bad faith. *See Abbott Labs. v. Mylan Pharms., Inc.*, CA 05 C 6561, 2006 WL 850916 (N.D. Ill. Mar. 28, 2006). The *Abbott* Court, while "troubled" by the increasing number of "protective" suits filed in ANDA litigation, nonetheless said that it "cannot fault Abbott for [filing a protective suit] in the face of an ambiguous statute that remains devoid of court interpretation." 2006 WL 850916, at *8. Abbott, like Pfizer here, did not seek double recovery or desire to litigate parallel suits. *Id.* Rather, Abbott sought to secure a lawsuit within the "strict statutory 45-day window in which to file suit" after receiving notice of the ANDA being filed. *Id.* The *Abbott* Court explained the Hatch-Waxman Act "is silent, and the courts have not clarified, whether the patent holder loses its right to sue for patent infringement in the event its suit is dismissed for lack of personal jurisdiction after the 45-day period has expired." *Id.* The *Abbott* Court further explained that if an ANDA applicant challenged personal jurisdiction that "it would be nearly impossible for a court to deliver a ruling within 45 days so as to permit a patent holder to file another suit." *Abbott*, 2006

WL 850916, at *8. "Therefore," the *Abbott* Court concluded, "patent holders are stuck between a jurisdictional rock and hard place: file suit in the forum of choice but risk losing patent protection if the suit is dismissed for personal jurisdiction, or file suit in the only known safe forum and incur all the inconvenience of litigating the matter in a distant location." *Id.*

Other courts have reached the same conclusion as the *Abbott* Court. *See PDL Biopharma Inc. v. Sun Pharmaceutical Indus., Ltd.*, CA 07-11709, 2007 WL 2261386 (E.D. Mich. Aug. 6, 2007) and *Aventis Pharma S.A. v. Sandoz Inc.* ["*Aventis*"], CA 06-3671 (MLC), 2007 WL 1101228 (D. N.J. Apr. 10, 2007). In *PDL Biopharma*, the patent holder filed two suits against the ANDA filer. *PDL Biopharma*, 2007 WL 2261386, at *1. The first suit was filed in New Jersey and the second protective suit was filed a day later in Michigan. *Id.* The ANDA filer initially challenged jurisdiction in New Jersey, but later consented to jurisdiction there. *Id.* However, the ANDA filer sought to transfer the New Jersey case to Michigan. *Id.* This prompted the patent holder to move the Michigan Court to stay the second-filed case in favor of the first-filed New Jersey case based on the First-to-File rule. *Id.* The *PDL Biopharma* Court found the First-to-File rule applied and dismissed the ANDA filer's forum shopping allegations finding that the plaintiff filed the duplicative actions "only because of the extraordinary time limit placed on the filing of suits under the Hatch-Waxman Act." *Id.* at *2. Similarly, in the *Aventis* case, the court found that the filing of a protective suit was not done for any improper purpose or motive and that Aventis had not engaged in forum shopping. 2007 WL 1101228, at *4. The court credited Aventis's explanation that it filed a virtually-identical protective suit in case the ANDA filer contested personal jurisdiction to preserve the 30-month stay of FDA approval. *Id.* The *Aventis*

16

Court found this explanation refuted the ANDA applicant's allegations of judge or forum shopping.[10] *Id.* at *4.

> **(b)    Apotex has no connection to Illinois other than its appointment of its litigation counsel to be its agent**

For all of its bluster about how Illinois is the most appropriate forum for this case, Apotex makes no showing that anything related to this case, other than its Chicago litigation counsel, is located in or around Illinois. Apotex has identified no witness who is reluctant to testify and who is beyond the subpoena power of this Court. Apotex does not suggest that its documents cannot be produced in Delaware. Both parties are large corporations who have litigated in Delaware previously. And, finally, Apotex has not argued that litigating in Delaware, as compared to Illinois, would be unduly harsh or expensive. In sum, Apotex provides no basis for its demand that this case be transferred to Illinois other than that is where it would prefer to be. This is the essence of forum shopping.

> **(c)    Pfizer's "choice" of Illinois as the location for its second-filed, protective action was dictated by Apotex's designation of an agent for service of process and provides no independent support for transfer**

Apotex's Transfer Motion repeatedly references Pfizer's "choice" of Illinois for its second-filed, protective action, arguing that the "choice" somehow independently supports transfer. (OpenBr at 2, 9, 12, 16.) However, Pfizer had to "choose" Illinois because that was the

---

[10] The *Abbott*, *PDL Biopharma*, and *Aventis* cases outweigh the scant authority cited by Apotex in support of its Transfer Motion. (*See* OpenBr at 13-17.) The two unpublished *Adams* decisions cited by Apotex fail to discuss the inherent problem in ANDA litigation where a patent-holder must secure a lawsuit against the ANDA filer within the strict 45-day window provided by the Hatch-Waxman Act in order to obtain a 30-month stay of FDA approval. The remaining *Aventis Deutschland* case has not been followed by any court and, as discussed in Section V.B.3. *infra*, the case has been subject to criticism by other courts.

only location designated by Apotex for service of process as part of Apotex's gamesmanship and

manipulating the judicial system. Apotex cannot bootstrap this filing into a reason for transfer.[11]

In sum, the strong presumption that the case must stay in Delaware—Pfizer's original

choice of forum—is unrebutted by Apotex.

> 3.    **There is no need to stay this case pending resolution of the Illinois Action as Pfizer has requested the Illinois Action be stayed or transferred to Delaware**

Apotex's alternative request that this case be stayed should be rendered moot. Pfizer has

already requested that the Illinois Action be stayed pending resolution of whether the Delaware

Action will proceed, and if so, Pfizer will move to transfer the Illinois case. (D.I. 30 [Phillips

Decl.] ¶ 16, Ex. O.) Thus, the risk of having two lawsuits proceeding at the same time has been

removed. This "risk" never existed because Pfizer only intended to proceed in one of the actions

and had so informed Apotex before any motion to transfer was filed.

Here, Apotex's request for a stay should be denied because the Delaware Action is the

first-filed case and thus has priority over the Illinois Action. The First-to-File rule requires that,

where cases involving the same basic set of facts are pending in federal courts of equal rank, "the

court which first had possession of the subject must decide it," while the second filed action

should be stayed or transferred to the court where the first filed action is pending.[12] *Crosley*

*Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941) (citation omitted); *see also Corixa*

---

[11] While Pfizer strongly believes that this dispute should proceed only in Delaware, should this Court conclude that personal jurisdiction over Apotex Inc. is lacking, the appropriate action then, and only then, would be to transfer this case to Illinois.

[12] To our knowledge the Third Circuit has not declined to follow the First-to-File rule where cases are filed on the same date. *See UTI Corp. v. Plating Resources, Inc.*, C.A. No. 99-253, 1999 WL 286441, at *7 (E.D. Pa. May 7, 1999) (finding no Third Circuit authority that the First-to-File rule should be disregarded or given less weight when the time between the two filings is short). Further, this Court has recognized that the First-to-File rule applies even when the cases are filed just a short time apart on the same day. *Abbott Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 557-58 (D. Del. 2007) (finding that between two cases filed hours apart, the first-filed case has priority over the later case due to the First-to-File rule, and the Court notes that it respects the choices made by plaintiffs in choosing their forum to bring a case).

*Corp. v. IDEC Pharms. Corp.*, C.A. No. 01-615-GMS, 2002 WL 265094, at *1 (D. Del. Feb. 25, 2002). The Third Circuit has found that the First-to-File rule encourages sound judicial administration and promotes comity among federal courts of equal rank. *E.E.O.C.*, 850 F.2d 969, 971 (3d Cir. 1988). The rule gives the Court the power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court. *Id.* at 971.

   The First-to-File rule, based in the Court's inherent equity powers, "'is not a rigid or inflexible rule to be mechanically applied,'" and the rule should be followed unless there are "rare or extraordinary circumstances." *E.E.O.C.*, 850 F.2d at 972, 976. (citations and quotations omitted). Such circumstances include "inequitable conduct, bad faith, or forum shopping." *Id.* at 972. As discussed above, Pfizer brought this case in Delaware for legitimate reasons. Thus, there are no circumstances that warrant deviation from the First-to-File rule. Accordingly, the Illinois Action should be stayed or transferred to Delaware and Apotex's motion to stay in Delaware should be denied as moot.

   Apotex argues that the First-to-File rule has limited applications and must be rigidly applied, rendering it inapplicable to the facts of this case. (OpenBr at 15 n.7.) In support of this position, Apotex relies upon *Aventis Pharma Deutschland GmbH v. Lupin Ltd.* ["*Aventis Deutschland*"], 403 F. Supp. 2d 484 (E.D. Va. 2005). *Aventis Deutschland*, however, is neither binding precedent on this Court nor has it been widely adopted by other courts. In fact, *Aventis Deutschland* has been criticized as being an overly mechanical application of the rule. *See, e.g., Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, No. 07-993, 2007 WL 4284877, at *2 (W.D. Mich. Dec. 3, 2007) (finding that while the *Aventis* court held that the "First to File" rule did not apply in certain circumstance, the Sixth Circuit does not mandate such a mechanical

limitation). As stated, the Third Circuit has clearly held that the First to File rule "is not a rigid or inflexible rule to be mechanically applied." *E.E.O.C.*, 850 F.2d at 972, 976. Additionally, the Federal Circuit also holds that the first to file rule is a flexible tool for the courts to manage their cases. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993). Therefore, because *Aventis Deutschland* clearly conflicts with the Third Circuit's (and the Federal Circuit's) requirement that the "First to File" rule be flexibly applied, it should not control this Court's determination here.

In circumstances similar to those here where a protective lawsuit was second-filed in an ANDA action, the Eastern District of Michigan questioned the precedential value of *Aventis Deutschland* finding that, "[t]he case law on ANDA litigation is not settled, and [that] there is no definitive guidance to those district courts judges who are charged with handling 'protective' lawsuits such as the one at issue here." *Schering Corp. v. Caraco Pharm. Labs., Ltd.*, No. 06-14386, 2007 WL 1648908, at *2 (E.D. Mich. June 6, 2007). The court further found that "[i]t is unclear precisely how the 'first to file' rule applies in ANDA lawsuits." *Id.* In the end, the court concluded that the substantial prejudice to the patent holder and the judicial inefficiency that would come from litigating the same issue in two courts outweighed the ANDA-filer's alleged prejudice from delay. *Id.* at *3. Thus, the Court ordered the second-filed case stayed to allow the first-filed court an opportunity to determine whether it had jurisdiction over the defendant. *Id.* Here, Pfizer has already requested the second-filed protective Illinois Action be stayed to permit this Court time to resolve Apotex's personal jurisdiction challenge pursuant to the First-to-File rule. Common sense dictates that this case not be stayed as well.

## VI.    CONCLUSION

For all the above reasons, Apotex's Transfer Motion should be denied.

20

CONNOLLY BOVE LODGE & HUTZ LLP


/s/ Rudolf E. Hutz
Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141


OF COUNSEL:
William E. McShane
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
(202) 572-0335

*Attorneys for Plaintiffs*

Dated: May 26, 2009
684003_2.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2009, a true copy of the foregoing *Plaintiffs' Brief In Opposition to Defendants Apotex Inc.'s and Apotex Corp.'s Motion to Transfer Venue or, Alternatively, to Stay These Proceedings* was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

> John C. Phillips, Jr.
> Phillips, Goldman & Spence, P.A.
> 1200 North Broom Street
> Wilmington, DE 19806

I hereby certify that on May 26, 2009, I have sent by U.S. Mail the foregoing document to the following non-registered participant:

> William A. Rakoczy, Esquire
> Rakoczy Molino Mazzochi Siwik LLP
> 6 West Hubbard Street
> Chicago, IL 60610

> /s/ Rudolf E. Hutz
> Rudolf E. Hutz (#484)
> Jeffrey B. Bove (#998)
> Mary W. Bourke (#2356)
> Daniel C. Mulveny (#3984)
> 1007 N. Orange Street
> P.O. Box 2207
> Wilmington, DE 19899-2207
> (302) 658-9141
> *Attorneys for Plaintiffs*

684003_2.DOC