IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PFIZER INC., )
PFIZER IRELAND PHARMACEUTICALS, )
WARNER-LAMBERT COMPANY, and )
WARNER-LAMBERT COMPANY LLC, )
)
       Plaintiffs, )
)
v. ) Civil Action No. 08-948 (LDD)
)
APOTEX INC. and )
APOTEX CORP., )
)
       Defendants. )

**REPLY BRIEF OF DEFENDANTS APOTEX INC. AND APOTEX CORP.
IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE
OR, ALTERNATIVELY, TO STAY THESE PROCEEDINGS**

*Of Counsel:*

William A. Rakoczy
Paul J. Molino
Deanne M. Mazzochi
Andrew M. Alul
Neil A. Benchell
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street
Suite 500
Chicago, IL 60654
(312) 222-6301 (telephone)
(312) 222-6321 (facsimile)
wrakoczy@rmmslegal.com (e-mail)

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 (telephone)
(302) 655-4210 (facsimile)
jcp@pgslaw.com (e-mail)

*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

Dated: June 17, 2009

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

I.   INTRODUCTION ....................................................................................................1

II.  REPLY ARGUMENT ..............................................................................................2

     A.   The Court Should Hold Pfizer To Its Choice Of Illinois, And Accord <u>No</u> Weight To Its Duplicative Choice Of Delaware—Which Admittedly Has No Connection To This Dispute. ..................................................................2

     B.   The Most Powerful *Jumara* Factor—The Interest Of Justice—Mandates Transfer To Illinois Where An Identical Action Is Pending. ........................5

     C.   The First-To-File Rule Does Not Apply Here, And Does Not Justify Pfizer's Filing Or Maintenance Of Duplicative Actions. ..............................8

     D.   Hatch-Waxman Also Weighs Decidedly In Favor Of Transfer To Illinois, Where An Identical Action is Pending, And All Parties Agree That Jurisdiction And Venue Are Appropriate. ....................................................9

III. CONCLUSION .......................................................................................................12

# TABLE OF AUTHORITIES

### Federal Cases

*Abbott Labs. v. Mylan Pharms., Inc.*,
   2006 WL 850916 (N.D. Ill. Mar. 28, 2006) .................................................................. 4

*Abbott Labs. v. Teva Pharms. USA, Inc.*,
   No. 08-cv-1243 (N.D. Ill. Nov. 12, 2008) .................................................................... 6

*Adams Respiratory Therapeutics, Inc. v. Pharm. Holdings Co.*,
   No. 2:06-cv-04700-HAA-ES (D.N.J. Nov. 16, 2006) .................................................. 8

*Adams Respiratory Therapeutics, Inc. v. Pharm. Holdings Corp. et al.*,
   No. 06-4418-PD (E.D. Pa. Nov. 2, 2006) ................................................................. 3, 9

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998) ............................................................................ 4, 6

*Am. Tel. & Tel. Co. v. MCI Commc'n Corp.*,
   736 F. Supp. 1294 (D.N.J. 1990) .................................................................................. 6

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
   295 F. Supp. 2d 393 (D. Del. 2002) .............................................................................. 6

*Aventis Pharma Deutschland GMBH v. Lupin Ltd.*,
   403 F. Supp. 2d 484 (E.D. Va. 2005) ................................................................. 3, 8, 10

*Ballard Med. Prods. v. Concord Labs., Inc.*,
   700 F. Supp. 796 (D. Del. 1988) .................................................................................. 2

*Bayer Bioscience N.V. v. Monsanto Co.*,
   2003 WL 1565864 (D. Del. Mar. 25, 2003) ................................................................. 6

*Bristol-Myers Squibb Co. v. Andrx Pharms., LLC*,
   2003 WL 22888804 (S.D.N.Y. Dec. 5, 2003) .............................................................. 3

*Brunswick Corp. v. Precor Inc.*,
   2000 WL 1876477 (D. Del. Dec. 12, 2000) .............................................................. 4, 5

*CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*,
   309 F. Supp. 2d 637 (D.N.J. 2004) ............................................................................... 5

*Cont'l Grain Co. v. Barge FBL-585*,
   364 U.S. 19 (1960) ..................................................................................................... 1, 5

*Crackau v. Lucent Techs.*,
   2003 WL 22927231 (D.N.J. Nov. 24, 2003) ................................................................ 5

*Doubletree Partners, L.P. v. Land Am. Am. Title Co.*,
   2008 WL 5119599 (N.D. Tex. Dec. 3, 2008) .................................................................. 6

*Electronics for Imaging, Inc. v. Coyle*,
   394 F.3d 1341 (Fed. Cir. 2005) ....................................................................................... 9

*In re Barr Labs., Inc.*,
   930 F.2d 72 (D.C. Cir. 1991) .......................................................................................... 9

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) .............................................................................................. 3

*Liggett Group, Inc. v. R.J. Reynolds Tobacco Co.*,
   102 F. Supp. 2d 518 (D.N.J. 2000) ................................................................................. 5

*Mylan Pharms., Inc. v. Shalala*,
   81 F. Supp. 2d 30 (D.D.C. 2000) .................................................................................. 10

*Nilssen v. Everbrite, Inc.*,
   2001 WL 34368396 (D. Del. Feb. 16, 2001) .................................................................. 6

*Pfizer Inc. v. Apotex Inc.*,
   No. 1:08-cv-07231 (N.D. Ill. June 12, 2009) ................................................................ 11

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
   119 F.3d 1559 (Fed. Cir. 1997) ....................................................................................... 6

*Ricoh Co. v. Honeywell, Inc.*,
   817 F. Supp. 473 (D.N.J. 1993) ...................................................................................... 3

*Shatterproof Glass Corp. v. Guardian Indus. Corp.*,
   No. 86-607-CMW, 1987 WL 11773 (D. Del. 1987) ...................................................... 4

*Smithkline Corp. v. Sterling Drug, Inc.*,
   406 F. Supp. 52 (D. Del. 1975) ....................................................................................... 2

*Tracy v. Consol. Rail Corp.*,
   723 F. Supp. 1051 (D. Del. 1989) ................................................................................... 6

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.*,
   201 F. Supp. 2d 294 (D. Del. 2002) ................................................................................ 4

*Wallace v. Int'l Lifestyles, Inc.*,
   2008 WL 623811 (E.D. Pa. Mar. 6, 2008) ...................................................................... 4

*Warner-Lambert Co. v. Apotex Corp.*,
   316 F.3d 1348 (Fed. Cir. 2003) ....................................................................................... 9

## Federal Statutes

21 U.S.C. § 355(c)(3)(C) .................................................................................................................. 10

21 U.S.C. § 355(j)(5)(B)(iii) ....................................................................................................... 10, 11

Apotex Inc. and Apotex Corp. (collectively, "Apotex") respectfully submit this reply brief in support of their motion to transfer venue or, alternatively, to stay these proceedings.

## I. INTRODUCTION

The relevant facts bearing on transfer are straightforward and undisputed: Pfizer has already filed an identical action against Apotex in Illinois, where all parties have consented to jurisdiction and venue; where Apotex has already answered and counterclaimed and the parties are at issue; and where the parties have already engaged in extensive motion practice and briefing. Here, in stark contrast, Apotex Inc. contests jurisdiction, and nothing at all relating to this suit or the accused ANDA products giving rise to this suit occurred in this district.[1] The only question for this Court to decide, then, is whether a transfer of this action to Illinois—*where all parties have consented to jurisdiction and venue*—is appropriate. The answer is unequivocally yes, and shouldn't be a close call. Any other result would only condone Pfizer's delay tactics and duplicative litigation, and ultimately lead to precisely "the wastefulness of time, energy and money that [§] 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960).

Pfizer's arguments opposing transfer are without merit. Pfizer's supposed choice of its "home turf" in Delaware is entitled to little, if any, deference, especially in view of Pfizer's voluntary choice to sue and proceed in Illinois, and the complete absence of any connection between Delaware and this suit. Pfizer does not seriously contest that nothing of any

---

[1] Apotex Inc. has separately moved to dismiss for lack of personal jurisdiction, and Apotex Corp. has moved to dismiss for lack of an indispensable party. Pfizer submitted its oppositions to those motions concurrently with its opposition to the instant motion to transfer or, alternatively, stay these proceedings.

1

significance giving rise to this suit occurred in Delaware. If this Court chooses to defer to anything at all, it should be Pfizer's choice of Illinois, where all parties have agreed is an appropriate forum. Having voluntarily chosen to sue Apotex there, Pfizer certainly cannot legitimately complain about litigating in Illinois either. Nor can Pfizer oppose transfer or otherwise justify its duplicative litigation based on the first-filed rule, which has no relevance or application here. Courts have squarely rejected such tactics, making clear (for good reason) that Pfizer cannot game the system by filing identical actions in different courts and then picking the court in which it wishes to proceed. In addition to obvious concerns about forum- and judge-shopping, such identical suits seriously waste the resources of the parties and this Court.

The Court therefore should transfer this action to Illinois without delay.

## II.   REPLY ARGUMENT

### A.   The Court Should Hold Pfizer To Its Choice Of Illinois, And Accord <u>No</u> Weight To Its Duplicative Choice Of Delaware—Which Admittedly Has <u>No</u> Connection To This Dispute.

As an initial matter, the Court should reject Pfizer's plea for deference to its purported "home turf" in Delaware, *especially in view of Pfizer's choice to litigate this dispute in Illinois*. (*See* D.I. 38, Pfizer Br. at 8-9). Indeed, the law is clear that a plaintiff's choice of forum is limited by the "strong policy favoring the litigation of related claims before the same tribunal." *Smithkline Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52, 54-56 (D. Del. 1975) (holding that the substantial weight accorded to a plaintiff's choice of forum was overridden by the benefit of avoiding duplicative litigation); *see also Ballard Med. Prods. v. Concord Labs., Inc.*, 700 F. Supp. 796, 801-02 (D. Del. 1988) (holding that the interests of justice were better served by transfer to forum where action involving "almost identical issues" was pending). Even the Third Circuit has acknowledged that while courts might defer to a plaintiff's choice of forum, such

2

deference is inappropriate where the plaintiff has freely chosen another forum. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995).

Here, of course, Pfizer freely and voluntarily chose Illinois as an appropriate forum to litigate this dispute. Apotex agrees that Illinois is appropriate, and has consented to suit there. The plaintiffs' choice-of-forum inquiry should end there because Illinois "is clearly the better forum, as all of the parties agree that both jurisdiction and venue lie [there]." *Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484, 490 (E.D. Va. 2005). Pfizer "has chosen to sue [in Illinois]; it can not credibly complain that proceeding with [that] suit is prejudicial." (D.I. 30-5, 5/4/09 Phillips Decl.[2] Ex. E, *Adams Respiratory Therapeutics, Inc. v. Pharm. Holdings Corp. et al.* (E.D. Pa. Nov. 2, 2006) at 2). "[I]t would be inappropriate to allow a plaintiff to file identical actions in different courts and then pick the court in which it wishes to proceed . . . ." (*Id.*) The Court, therefore, should hold Pfizer accountable and defer to the forum (Illinois) that Pfizer freely and voluntarily chose.

Delaware, moreover, is entitled to even less deference, because none of the "central facts" regarding this lawsuit occurred there. *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 481 (D.N.J. 1993). "In a patent infringement action, the locus of operative facts is the jurisdiction where the design and development of the infringing patent [sic] [product] occurred." *Bristol-Myers Squibb Co. v. Andrx Pharms., LLC*, 2003 WL 22888804, at *3 (S.D.N.Y. Dec. 5, 2003); *see also Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 481 n.17 (D.N.J. 1993) (holding that "[i]n patent infringement actions, as a general rule, the preferred forum is that which is the *center of gravity* of the accused activity[,]" which is typically "the location of a product's

---

[2] "5/4/09 Phillips Decl." refers to the Declaration of John C. Phillips, Jr., Esq. submitted in support of Apotex's Motion to Dismiss for Lack of Jurisdiction Over the Person, filed May 4, 2009.

3

development, testing, research and production."); *Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 300 (D. Del. 2002) (Robinson, C.J.) ("center of operative facts in the action" favored transfer out of Delaware); *Brunswick Corp. v. Precor Inc.*, 2000 WL 1876477, at *2 (D. Del. Dec. 12, 2000) ("[T]he plaintiff's preference for Delaware is not given as much deference because most of the events at issue, that is, the design and manufacture of the exercise equipment, occurred outside of Delaware"); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 199 (D. Del. 1998) ("[T]he weaker the connection between the forum and *either* the plaintiff *or* the lawsuit, the greater the ability of a defendant to show sufficient inconvenience to warrant transfer.") (emphasis in original); *Shatterproof Glass Corp. v. Guardian Indus. Corp.*, No. 86-607-CMW, 1987 WL 11773, at *3 (D. Del. 1987) (transferring action to district where defendant "allegedly infringed the patent").

Pfizer does not seriously dispute, and nor can it, that the ANDA filing that forms the basis of this dispute has no connection to Delaware. Nor did anything of relevance concerning the subject matter of the '995 and '667 patents occur here either. And Pfizer's so-called "legitimate" reasons for choosing Delaware are pure fiction. (*See* D.I. 38, Pfizer Br. at 11-12). As discussed in Apotex's reply brief in support of its motion to dismiss, (1) no tort or other injury was ever committed against Pfizer in Delaware, and (2) the fact that Apotex has been sued here before has no bearing on anything, and certainly does not bind Apotex to this forum for this action. *See Abbott Labs. v. Mylan Pharms., Inc.*, 2006 WL 850916, at *6 (N.D. Ill. Mar. 28, 2006) (refusing to find general jurisdiction based on prior litigation in the forum); *Wallace v. Int'l Lifestyles, Inc.*, 2008 WL 623811, at *5 (E.D. Pa. Mar. 6, 2008) (finding prior litigation does not necessarily confer personal jurisdiction). Nor are there any related cases pending in Delaware at this time—the *Teva* case that Pfizer touts has been or shortly will be settled. In the

4

end, Pfizer's only apparent "reason" for choosing Delaware at all is the favorable ruling it obtained in a prior lawsuit. But blatant judge-shopping is certainly not cause for deference, but rather reason enough to transfer to a venue that all parties agree is appropriate.

    **B.    The Most Powerful *Jumara* Factor—The Interest Of Justice—Mandates Transfer To Illinois Where An Identical Action Is Pending.**

Pfizer accuses Apotex of ignoring the relevant *Jumara* factors. (*See* D.I. 38, Pfizer Br. at 10). Not so. Apotex, in fact, has focused on the only factor that matters here—namely, the interest of justice. As courts in this district have made clear, "it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court." *Brunswick*, 2000 WL 1876477, at *3 (quoting *Liggett Group, Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518 (D.N.J. 2000)). Indeed, the Supreme Court has instructed that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [§] 1404(a) was designed to prevent." *Cont'l Grain*, 364 U.S. at 26. In these circumstances, transfer not only serves the interests of justice, but also private interests "because it eliminates the possibility of inconsistent results . . . and conserves judicial resources." *CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 651 (D.N.J. 2004).

For these reasons, Pfizer's laundry list of so-called relevant *Jumara* factors misses the point entirely. As courts have recognized, when, as here, an identical action has been filed in another district, the "dispositive factor" and "central inquiry" is not whether the case would be better litigated in one district or another, but rather "the interest of all (parties, witnesses and the court) in avoiding wasteful duplication of efforts." *Crackau v. Lucent Techs.*, 2003 WL 22927231, at *5 (D.N.J. Nov. 24, 2003). Moreover, in patent cases, the interest of justice, which

5

includes judicial economy, may be determinative of a venue change even if the convenience of the parties and witnesses might call for a different result. *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997); *see also*, *Doubletree Partners, L.P. v. Land Am. Am. Title Co.*, 2008 WL 5119599, at *5-6 (N.D. Tex. Dec. 3, 2008) (concluding that the interests of justice "standing alone" warranted transfer despite the fact that the convenience of the parties and witness had not been demonstrated to favor transfer); D.I. 30-13, 5/4/09 Phillips Decl. Ex. M, *Abbott Labs. v. Teva Pharms. USA, Inc.* (N.D. Ill.) at 13 (concluding "that the interests of justice strongly favor resolving all of the contested matters arising out of [defendant's] ANDA in one lawsuit", and transferring action to district where action involving different patents and different plaintiffs—yet related technology—was pending); *Am. Tel. & Tel. Co. v. MCI Commc'n Corp.*, 736 F. Supp. 1294, 1309, 1313 (D.N.J. 1990) (transferring case where related action was pending despite the balance of private interest factors weighing against transfer).

The Delaware courts have consistently upheld these interests by transferring cases to another forum when a related action was pending. *Bayer Bioscience N.V. v. Monsanto Co.*, 2003 WL 1565864, at *2 (D. Del. Mar. 25, 2003) (transferring action to district that had "on-going relationship" with the parties' disputes); *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 399 (D. Del. 2002) (transferring action to forum where discovery in related litigation had already begun); *Nilssen v. Osram Sylvania, Inc.*, 2001 WL 34368395, at *4 (D. Del. May 1, 2001); *Nilssen v. Everbrite, Inc.*, 2001 WL 34368396, at *4 (D. Del. Feb. 16, 2001); *Affymetrix*, 28 F. Supp. 2d at 206 (acknowledging the importance of retaining related litigation in a single court, citing *Tracy v. Consol. Rail Corp.*, 723 F. Supp. 1051, 1052 (D. Del. 1989) and transferring action to forum where "all three" related cases "were pending before the same District Judge"). Pfizer does not even attempt to grapple with the weight of this authority, much

6

less cite any controlling authority to the contrary.

Moreover, none of Pfizer's purported "factors" outweigh the interest of litigating this dispute in Illinois where an identical action is pending and where all parties have consented to jurisdiction and venue. (*See* D.I. 38, Pfizer Br. at 9-10).[3] First, and as noted above, Pfizer's choice of Delaware is entitled to little, if any weight. Second, and as also discussed above and in Apotex's motion to dismiss papers, this case did not arise out of any tort (or any other act for that matter) that occurred in Delaware. Quite the contrary, nothing at all regarding this action or the patents-in-suit occurred in Delaware. Nor are there any parties, witnesses or other discovery in Delaware. Third, Pfizer is no longer litigating any related cases here—the last case has either settled or will be settled shortly. The fact of prior litigation in Delaware cannot outweigh the fact of identical litigation pending in Illinois. Fourth, Apotex Corp.'s incorporation in Delaware is irrelevant, especially since Apotex Corp. had nothing to do with the preparation and filing of the ANDA giving rise to this suit and the Court's subject matter jurisdiction. Fifth, and as discussed in Apotex's motion to dismiss papers, that Apotex has been sued in Delaware before has no bearing on the transfer analysis here for this case. Sixth, Apotex does not desire transfer to Illinois just because its litigation counsel is there, as Pfizer suggests, but rather because that is where Pfizer chose to litigate and where Apotex had previously consented to jurisdiction and venue. And seventh, Pfizer's assertion that Apotex has not made any showing of inconvenience is absurd in view of the duplication that has already occurred here and in Illinois. The mere fact of Pfizer's duplicative actions has already caused considerable expense and inconvenience to all

---

[3] The recent stay of the Illinois action does not change a thing. The Illinois court recently granted Pfizer's motion to stay the Illinois action pending resolution of Apotex Inc.'s motion to dismiss for lack of personal jurisdiction. If anything, this stay only highlights why the Court should grant Apotex's transfer motion expeditiously in order to avoid any further delays in the resolution of this suit.

parties involved.

All told, Pfizer has no reason, much less a legitimate one, for opposing transfer. The interest of justice weighs decidedly in favor of transfer to Illinois, where Pfizer voluntarily initiated suit, and where all parties agree jurisdiction and venue are appropriate.

    **C.**    **The First-To-File Rule Does Not Apply Here, And Does Not Justify Pfizer's Filing Or Maintenance Of Duplicative Actions.**

Pfizer's assertion that the "first-filed rule requires that the Delaware action should be given priority" also fails as a matter of law. (D.I. 38, Pfizer Br. at 13-14). First of all, the first-filed rule does not apply in these circumstances. Rather, the rule applies: (1) when there is one patent involved but there are multiple defendants in different forums; or (2) when the defendant files its own "mirror image" infringement action against the plaintiff in another forum (typically after learning of the plaintiff's first-filed action). *See Aventis*, 403 F. Supp. 2d at 489. Neither scenario applies here. In *Aventis*, the court rejected application of that rule in precisely the same circumstances at issue here, holding that the first-filed rule does not apply where, as here, the "Plaintiffs filed the same case against the same Defendants in two different courts." *Aventis*, 403 F. Supp. 2d at 489. The court further confirmed that "plaintiffs may not file duplicative complaints in order to expand their legal rights." *Id.* (citations omitted).

Second, the courts have also made clear "[t]he 'first-filed rule' [wa]s intended to prevent duplicative litigation," not to provide a single plaintiff *carte blanche* to initiate **identical** lawsuits in various jurisdictions and then unilaterally decide to litigate and/or stay each whenever the plaintiff deems fit. (D.I. 30-4, 5/4/09 Phillips Decl. Ex. D, *Adams Respiratory Therapeutics, Inc. v. Pharm. Holdings Co.* (D.N.J. Nov. 16, 2006) at 2). The court in *Adams* recognized that "granting a stay [] would encourage judge-shopping" and that the "first-filed" rule did not apply

8

to circumstances, where, as Pfizer has done here, a plaintiff filed identical actions in different courts and then picked the court in which it wished to proceed while the other action is stayed pending the result in the first-filed action. (D.I. 30-5, 5/4/09 Phillips Decl. Ex. E, *Adams Respiratory Therapeutics, Inc. v. Pharm. Holdings Corp.* (E.D. Pa. Nov. 2, 2006) at 2). A plaintiff may not "institute identical suits in various jurisdictions and then put all but the first one on the back burner until such time as [it] deems convenient." (D.I. 30-5, 5/4/09 Phillips Decl. Ex. E, *Adams Respiratory Therapeutics, Inc. v. Pharm. Holdings Corp.* (E.D. Pa. Nov. 2, 2006) at 2). Such conduct, the court found, would be an abuse of the "first-to-file" rule. (*Id.*)

In sum, Pfizer cannot hide behind the first-filed rule to avoid transfer or otherwise justify its duplicative litigation.[4]

### D. Hatch-Waxman Also Weighs Decidedly In Favor Of Transfer To Illinois, Where An Identical Action is Pending, And All Parties Agree That Jurisdiction And Venue Are Appropriate.

Congress enacted Hatch-Waxman for the express purpose of "get[ting] generic drugs into the hands of patients at reasonable prices—fast." *In re Barr Labs., Inc.*, 930 F.2d 72, 76 (D.C. Cir. 1991). To achieve that goal, Hatch-Waxman created the ANDA procedure and "a mechanism to facilitate the adjudication of claims of infringement of patents relating to the innovator's drugs" *before* the generic drug has been marketed. *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1358 (Fed. Cir. 2003). Moreover, Congress imposed an express statutory duty on all parties to "reasonably cooperate in expediting the action" *in exchange* for an

---

[4] Even if the Court deems the "first-to-file" rule applicable, the fact that the Delaware action was filed a mere three hours before the Illinois action is not case dispositive, and Pfizer's filing of unnecessary and wasteful duplicative litigation, all for the sole purpose of judge-shopping, is reason enough to reject application of the rule here. *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (exceptions to the first-filed rule are not rare).

automatic 30-month stay of FDA approval of the competing generic drug.[5] *See* 21 U.S.C. § 355(j)(5)(B)(iii); *see also Mylan Pharms., Inc. v. Shalala*, 81 F. Supp. 2d 30, 40 (D.D.C. 2000) (explaining that the Hatch-Waxman drafters expected litigation to be concluded during this time). However, a patent owner, like Pfizer here, has absolutely no incentive to expedite resolution of the action prior to expiration of the 30-month stay but every motivation to delay the proceedings, thus, preventing FDA approval of the competing generic drug for at least 30 months. *Id.*

Here, of course, Pfizer's duplicative litigation tactics have already delayed the resolution of this dispute. All parties have consented to jurisdiction and venue in Illinois, where Apotex answered the and counterclaimed and the parties are otherwise at issue. The parties in Illinois have also conducted a Rule 26(f) conference; appeared before the court there for an initial scheduling conference pursuant to FED. R. CIV. P. 16(b); and engaged in extensive motion practice and briefing. (*See* D.I. 30-24, 5/4/09 Phillips Decl. Ex. X, D.I. 58, March 24, 2009 Minute Entry). Pfizer nonetheless has refused to proceed in, and steadfastly opposes any transfer to, Illinois, the forum that it freely and voluntarily chose. And to make matters even worse, Pfizer recently obtained a stay of its own Illinois litigation "*pending the resolution of the jurisdictional dispute in Delaware.*" (June 17, 2009 Declaration of John C. Phillips, Jr., Esq. ("6/17/09 Phillips Decl.") Ex. B, June 12, 2009 Memorandum Opinion and Order in *Pfizer Inc.*

---

[5] "Obviously, this process is designed to allow for the court to resolve any claim of infringement the original patent owner may have against the ANDA applicant as quickly as possible, and, indeed, the statute requires that, in these actions, 'each of the parties shall reasonably cooperate in expediting the action.'" *Aventis*, 403 F. Supp. 2d at 487 (quoting 21 U.S.C. § 355(c)(3)(C)).

*v. Apotex Inc.*, No. 1:08-cv-07231 (N.D. Ill.) ("NDIL Stay Op. at 1 (emphasis added)).[6] The only part of this dispute that was actually moving is now dead in its tracks thanks to Pfizer—which, in the end, gives Pfizer the delay it seeks and the best of all worlds.

But that is a far cry from the intent of Hatch-Waxman and Pfizer's statutory duty to expedite this action. Pfizer should not be absolved of its express statutory duty under Hatch-Waxman to "reasonably cooperate in expediting th[is] action". 21 U.S.C. § 355(j)(5)(B)(iii). Nor should Pfizer be allowed to simply turn its back on the Illinois litigation, a case that Pfizer voluntarily initiated. To do so would not only be a waste of judicial resources, but would also grant Pfizer the benefit of Hatch-Waxman's powerful 30-month stay without enforcing the *quid pro quo* on Pfizer to expedite proceedings—a windfall result that unilaterally prejudices Apotex who has already expended numerous resources defending both of these *identical* lawsuits. The Court should put an end to Pfizer's delay tactics and transfer this action to Illinois, where it can proceed.

---

[6] On June 12, 2009, Honorable Judge Dow granted Pfizer's motion to stay the Northern District of Illinois action *"pending the resolution of the jurisdictional dispute in Delaware."* (6/17/09 Phillips Decl. Ex. B, NDIL Stay Op. at 1 (emphasis added)). However, Judge Dow's decision to stay the Illinois proceeding has no bearing on the merits of Apotex's instant motion to transfer. First, Judge Dow rendered his decision "[i]n view of [the Court's] obligation to avoid duplicative litigation" and "the inevitable waste of judicial and party resources." (*Id.* at 8). Second, Judge Dow refused to mechanically apply the "first-filed" rule, nor did he find persuasive Pfizer's argument that Delaware is a superior forum to handle this case based on its handling of the related litigations. (*Id.* at 5 ("the fact that the Delaware action was filed before this action is not dispositive"); *id.* at n.1). Finally, Judge Dow's decision does not change the fact that the Illinois action has proceeded further than the Delaware action. Therefore, to continue this case would inevitably require both parties, and this Court, to duplicate the efforts that have taken place in the Illinois action over the past 6 months, whereas transfer to Illinois provides no threat of duplication or further waste of judicial resources. Thus, transferring this case to Illinois is the most economic and only plausible solution. Not only will transfer to Illinois alleviate Judge Dow's concern of duplicative litigation, but it will also preserve the resources of all parties involved.

### III. CONCLUSION

This case does not belong here. It belongs in the Northern District of Illinois, where an *identical* action is already pending involving the same parties, patents and accused product. The parties there have consented to jurisdiction and venue and are at issue. The Court should reject Pfizer's blatant attempt at forum-shopping, just as this Court and others hearing ANDA cases have previously done, and transfer this case to the Northern District of Illinois.

Respectfully submitted,

Dated: June 17, 2009        By:    /s/John C. Phillips, Jr.
                                   John C. Phillips, Jr. (#110)
                                   PHILLIPS, GOLDMAN & SPENCE, P.A.
                                   1200 North Broom Street
                                   Wilmington, Delaware 19806
                                   (302) 655-4200 (telephone)
                                   (302) 655-4210 (facsimile)
                                   jcp@pgslaw.com (e-mail)

                                   -and-

                                   William A. Rakoczy
                                   Paul J. Molino
                                   Deanne M. Mazzochi
                                   Andrew M. Alul
                                   Neil A. Benchell
                                   RAKOCZY MOLINO MAZZOCHI SIWIK LLP
                                   6 West Hubbard Street
                                   Suite 500
                                   Chicago, IL 60654
                                   (312) 222.6304 (telephone)
                                   (312) 222.6324 (facsimile)

                                   *Attorneys for Defendants Apotex Inc. and Apotex Corp.*