**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

PFIZER INC.,
PFIZER IRELAND PHARMACEUTICALS,
WARNER-LAMBERT COMPANY, and
WARNER-LAMBERT COMPANY LLC,

Plaintiffs,

v.

APOTEX INC. and
APOTEX CORP.,

Defendants.

Civil Action No. 08-948 (LDD)

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR REARGUMENT ON DEFENDANTS' MOTION TO TRANSFER VENUE**

Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Daniel C. Mulveny (#3984)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

OF COUNSEL:
William E. McShane
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
(202) 572-0335

*Attorneys for Plaintiffs*

Dated: August 26, 2009

## TABLE OF CONTENTS


I. INTRODUCTION....................1

II. NATURE AND STAGE OF THE PROCEEDING....................1

III. SUMMARY OF ARGUMENT....................1

IV. STATEMENT OF FACTS....................2

V. ARGUMENT....................2

A. The Court's Misapprehension of the Hatch-Waxman Act Caused It To Disregard Pfizer's Choice of Delaware....................2

(1) The Unacceptable Consequences of a Dismissal....................3

(2) The Court's Power to Transfer, Rather than Dismiss, Provides No Guarantee....................4

B. It Was Error to Accord No Weight to Pfizer's Choice of Forum....................5

C. The Transfer Order's Misapplication of the First-Filed Rule Is a Clear Mistake of Law....................5

D. Reliance on a Jurisdictional Dispute as the Only Basis For Transfer is a Clear Error of Law....................7

E. The Precedent Set by the Transfer Order Encourages Forum Shopping By Foreign Generic Drug Manufacturers....................10

VI. CONCLUSION....................11

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Adams Respiratory Therapeutics, Inc. v. Pharmaceutical Holdings Corp.*,
No. 06-4418, Doc. No. 31 (E.D. Pa. Nov. 2, 2006) .... 5, 6

*Berisford Capital Corp. v. Central States, Southeast and Southwest Areas Pension Fund*,
677 F. Supp. 220 (S.D.N.Y. 1988) .... 8

*Brambles USA, Inc. v. Blocker*,
735 F. Supp. 1239 (D. Del. 1990) .... 2

*Cadle Co. v. Whataburger of Alice, Inc.*,
174 F.3d 599 (5th Cir. 1999) .... 8

*Compagnie des Bauxites de Guinee v. L'Union At-lantique S.A. d'Assurances*,
723 F.2d 357 (3d Cir. 1983) .... 7, 10

*Controlotron Corp. v. Perry Printing Corp.*,
No. 90-356, 1990 WL 86085 (D. N.J. June 18, 1990) .... 8

*Creative Waste Mgmt., Inc. v. Capitol Envt'l Servs., Inc.*,
No. 04-1060, 2004 WL 2384991 (E.D. Pa. Oct. 22, 2004) .... 9

*Donnelly v. Klosters Rederi A/S*,
515 F. Supp. 5 (E.D. Pa. 1981) .... 9

*Elemary v. Philipp Holzmann A.G.*,
533 F. Supp. 2d 144 (D. D.C. 2008) .... 5

*Keys v. Dep't of Justice*,
288 Fed. App'x 863 (3d Cir. 2008) .... 10

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*,
176 F.3d 669 (3d Cir. 1999) .... 2

*McDonnell Douglas Corp. v. Polin*,
429 F.2d 30 (3d Cir. 1970) .... 8, 10

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*,
77 F. Supp. 2d 505 (D. Del. 1999) .... 9

*Merck & Co. v. Apotex, Inc.*,
488 F. Supp. 2d 418 (D. Del. 2007) .... 3

*Merck & Co. v. Apotex, Inc.*,
287 Fed. App'x 884 (Fed Cir. 2008) .... 4

*Moore Corp. v. Wallace Computer Services, Inc.*,
898 F. Supp. 1089 (D. Del. 1995) .......... 6

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978) .......... 7

*Peckio v. Shay*,
708 F. Supp. 75 (S.D.N.Y. 1989) .......... 4

*Pippett v. Waterford Dev., LLC*,
166 F. Supp. 2d 233 (E.D. Pa. 2001) .......... 9

*Plum Tree Inc. v. Rouse Co.*,
343 F. Supp. 667 (E.D. Pa. 1972) .......... 8, 9, 11

*Shutte v. Armco Steel Corp.*,
431 F.2d 22 (3d Cir. 1970) .......... 5, 11

*SoccerSpecific.com v. World Class Coaching, Inc.*,
No. 08-6109-TC, 2008 WL 4960232 (D. Or. Nov. 18, 2008) .......... 10

*Tinney v. Geneseo Communication, Inc.*,
502 F. Supp. 2d 409 (D. Del. 2007) .......... 2, 7

*Toys "R" Us, Inc. v. Step Two, S.A.*,
318 F.3d 446 (3d Cir. 2003) .......... 7

**Rules**

D. Del. LR 7.1.5 .......... 1, 2

Fed. R. Civ. P. 4(k)(2) .......... 3

Fed. R. Civ. P. 59(e) .......... 2

**Regulations**

21 CFR § 314.95(c)(7) .......... 3, 5

**Statutes**

21 U.S.C. § 355(j)(5)(B)(iii) .......... 3

28 U.S.C. § 1406(a) .......... 4, 10

28 U.S.C. § 1631 .......... 4

## I. INTRODUCTION

Plaintiffs Pfizer Inc., Pfizer Ireland Pharmaceuticals, and Warner-Lambert Company LLC, formerly Warner-Lambert Company (collectively "Pfizer" or "Plaintiffs") submit this brief in support of their Motion for Reargument on Defendants' Motion to Transfer Venue (D.I. 32-33, "Transfer Motion"). Pfizer respectfully requests reargument and reconsideration of the Court's Order of August 13, 2009 transferring this action to the Northern District of Illinois. (D.I. 51, the "Transfer Order".)

## II. NATURE AND STAGE OF THE PROCEEDING

Defendants Apotex Inc. and Apotex Corp. (collectively "Apotex" or "Defendants") filed the Transfer Motion on May 4, 2009. Pfizer timely opposed the Transfer Motion (D.I. 38) on May 26, 2009, and Apotex replied on June 17, 2009 (D.I. 45). The Court granted the Transfer Order on August 13, 2009.

## III. SUMMARY OF ARGUMENT

Pfizer requests reargument and reconsideration pursuant to D. Del. LR 7.1.5 based on the following errors of law:

1. In deciding the Transfer Order, the Court misapprehended the risks to Pfizer engendered by the Hatch-Waxman Act and thus failed to account for the reasons Pfizer filed the precautionary action in the Northern District of Illinois after first filing the case in Delaware. Pfizer faced a significant risk of forfeiture of substantial rights, which, with respect to the world's most popular drug and a major portion of Pfizer's total sales, compelled it to subsequently file the precautionary action.

2. Based on this misapprehension, the Court erred by failing to give any weight to Pfizer's choice of forum, and also erred by misapplying the first-filed rule.

3. After failing to accord any weight to the *Jumara* private factors, the Court erred in transferring this case based solely on obviating a jurisdictional dispute and related discovery. Thus, the Court incorrectly viewed the avoidance of this jurisdictional issue as the paramount consideration compelling transfer. This approach was both unprecedented and contrary to *Jumara*.

## IV. STATEMENT OF FACTS

The operative facts are set forth in Pfizer's opposition to the Transfer Motion.

## V. ARGUMENT

"Motions for reconsideration are the 'functional equivalent' of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e)." *Tinney v. Geneseo Communication, Inc.*, 502 F. Supp. 2d 409, 414 (D. Del. 2007). One purpose of a motion for reconsideration is to "correct manifest errors of law or fact." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). Accordingly, reargument is appropriate under D. Del. LR 7.1.5 "if the movant demonstrates . . . a need to correct a clear error of law or fact." *Tinney*, 502 F. Supp. 2d at 415. Reargument may also be appropriate where the Court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error . . . of apprehension". *Id.* "[T]he Court should not hesitate to grant the motion when compelled to prevent manifest injustice or to correct clear error." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

### A. The Court's Misapprehension of the Hatch-Waxman Act Caused It To Disregard Pfizer's Choice of Delaware

The Transfer Order determined that the private *Jumara* factors are neutral. (Transfer Order at 5.) The Court correctly recognized that the plaintiff's choice of forum is entitled to "paramount consideration." (*Id.*) However, the Court then erred by giving no weight to Pfizer's

choice of Delaware because it incorrectly believed that "Plaintiffs chose both fora." (i.e., Delaware and Illinois.) (*Id.*)

**(1) The Unacceptable Consequences of a Dismissal**

Pfizer did not willingly choose the Northern District of Illinois. Apotex did. Under normal circumstances, a foreign defendant who has no presence or contacts in the United States can be sued in any district and jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2). This is not the case in an ANDA dispute because a foreign ANDA applicant, such as Apotex, may seek a preferred jurisdiction simply by appointing an agent for service in the district of its choosing regardless of any connection between the controversy and that district. 21 CFR § 314.95(c)(7). Because of this ability, the only district where a pioneer drug developer can be absolutely sure jurisdiction will lie is that of the defendant's choosing (if the defendant disputes jurisdiction in the pioneer's preferred forum).

Had Pfizer not filed the precautionary suit in Illinois and Apotex successfully disputed personal jurisdiction in Delaware, two very real adverse consequences would have materialized. First, as the Court recognized, (Transfer Order at 6 n.4), the Hatch-Waxman Act is silent as to whether Pfizer could file a later, second suit outside of the 45-day window following receipt of the ANDA notice letter and retain the statutorily mandated 30-month stay on approval of Apotex's ANDA, to which Pfizer is entitled under the Act. The statute is clear that the only way to prevent immediate approval of an ANDA is by filing suit within the 45-day window. 21 U.S.C. § 355(j)(5)(B)(iii) ("the approval shall be made effective immediately unless, before the expiration of 45 days after the date on which the notice . . . is received, an action is brought for infringement") (emphasis added). Second, Apotex could argue that the FDA should lift the 30-month stay. *See Merck & Co. v. Apotex, Inc.*, 488 F. Supp. 2d 418, 427-28 (D. Del. 2007) (discussing the possibility of dissolving the 30-month stay and a proposed (later withdrawn)

FDA rule, "[i]f the patent litigation between the ANDA applicant and the patent owner . . . is dismissed without a court decision on the merits of the patent claim, whether the dismissal is with or without prejudice, the agency may immediately approve the ANDA that was the subject of the litigation."), *vacated in part*, 287 Fed. App'x 884, 887 (Fed Cir. 2008) (noting that the FDA did, in fact, lift the 30-month stay after a dismissal of the district court action not based on the merits). Thus, Pfizer faced the real possibility of a substantial forfeiture of its Hatch-Waxman rights if it failed to file suit in a conceded jurisdiction. In such draconian circumstances, Pfizer had no choice. It was compelled to act with precaution, especially because Lipitor® is Pfizer's greatest selling product and, indeed, the highest selling pharmaceutical worldwide for at least the last five years.

**(2) The Court's Power to Transfer, Rather than Dismiss, Provides No Guarantee**

The Transfer Order, in error, dismisses Pfizer's concerns over a possible dismissal for want of personal jurisdiction based on this Court's power (not obligation) to transfer rather than dismiss. (Transfer Order at 6 n.4); 28 U.S.C. § 1631. While transfer instead of dismissal would be appropriate if a generic manufacturer successfully challenged personal jurisdiction, there is simply no guarantee that every district court would find transfer to be "in the interest of justice." *See Peckio v. Shay*, 708 F. Supp. 75, 76-77 (S.D.N.Y. 1989) (dismissing under 28 U.S.C. § 1406(a) a case brought in the wrong district after finding that the interest of justice did not point to transfer.) With Pfizer's leading product and the world's best selling drug at risk, Pfizer could not accept the risk that the first-filed Delaware Action would be dismissed, rather than transferred. The fact that a court has authority to transfer rather than dismiss in the exercise of its discretion does not eliminate the uncertainty engendered by the circumstances. In short,

Pfizer had no choice but to file the precautionary second suit in Illinois, which was Apotex's, and not Pfizer's, forum of choice.

**B. It Was Error to Accord No Weight to Pfizer's Choice of Forum**

Based on the Court's misapprehension that Pfizer freely chose to file in both Delaware and Illinois, the Court gave no weight to Pfizer's true choice of forum, Delaware. (Transfer Order at 5.) Because Delaware is, and always has been, Pfizer's choice of forum, it should be accorded its deserved status as a paramount concern in determining whether transfer is appropriate. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Courts should accord significant deference to the plaintiff's choice of forum unless the plaintiff is a non-resident who lacks substantial connection to the forum. *Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 144, 150 (D. D.C. 2008). The failure to accord weight to Delaware as Pfizer's (a Delaware corporation) choice is manifest error.

While the Transfer Order notes that no party is incorporated or headquartered in Illinois and that no relevant events occurred there, the end result is to give deference to Apotex's choice of forum. This rewards Apotex for gaming the system by leveraging its alleged lack of contacts with the United States (enabling Apotex to choose an agent for service under 21 CFR § 314.95(c)(7)). Such deference effectively facilitated Apotex's forum shopping, which is contrary to the interests of justice.

**C. The Transfer Order's Misapplication of the First-Filed Rule Is a Clear Mistake of Law**

Based on the Court's misapprehension of the risks facing Pfizer and thus Pfizer's reasons for filing the precautionary action in Illinois, the Transfer Order concludes that the first-filed rule is inapplicable. (Transfer Order at 5-6.) Pfizer recognizes the concerns expressed by the Honorable Judge Diamond in *Adams Respiratory Therapeutics, Inc. v. Pharmaceutical Holdings*

*Corp.*, No. 06-4418, Doc. No. 31, Order at 2 (E.D. Pa. Nov. 2, 2006) in that the filing of two identical suits in different jurisdictions could potentially encourage judge-shopping, i.e., file two suits and pick one later based on the judge assigned to the case. However, that is not the case here. Pfizer informed Apotex from the very beginning of this Action that it intended to litigate in Delaware, and that the second-filed action was only a precautionary measure filed in the event Apotex successfully challenged jurisdiction in Delaware.

Pfizer could not have, and did not, pick one jurisdiction over the other based on the assignment of judges. Under the first-filed rule, Pfizer filed in Delaware first and always intended to litigate in Delaware, regardless of the judge assigned. Even if Pfizer had desired to select the forum in which to proceed based on the assigned judge (which it did not), that decision was already locked in when the Delaware case was filed first. The first-filed rule simply leaves no room for judge-shopping in this circumstance because its proper application will always mandate that the first-filed action proceed so long as personal jurisdiction lies. Accordingly, *Adams Respiratory*'s reliance on the possible encouragement of judge-shopping to disregard the first-filed rule is an error of law, at least as applied to this case.

Because proper application of the first-filed rule prevents, rather than encourages, judge-shopping, there is no reason to disregard the rule. *See Moore Corp. v. Wallace Computer Services, Inc.*, 898 F. Supp. 1089, 1100 (D. Del. 1995) ("[A] court will . . . depart from the long-standing first-filed rule only where the defendant can show that plaintiff chose a particular forum solely for the purposes of forum shopping . . . ."). Abandoning the first-file rule is a clear mistake of law.

### D. Reliance on a Jurisdictional Dispute as the Only Basis For Transfer is a Clear Error of Law

The errors attributable to the misapprehension of Pfizer's reasons for filing the precautionary suit in Illinois, namely disregard for the paramount concern of Pfizer's choice of forum and the misapplication of the first-filed rule, led the Court to conclude that the private *Jumara* factors are neutral. (Transfer Order at 7.) That conclusion led to another clear error of law in attributing sole weight to the public factor of judicial economy. Particularly, the Transfer Order relies exclusively on the existence of a jurisdictional dispute (solely of Apotex's making) and the need for jurisdictional discovery in Delaware to find that "the interest of justice strongly counsels in favor of transferring." (*Id.* at 8.)

The Court's reliance on a jurisdictional dispute as the sole basis for transfer is itself contrary to Third Circuit precedent and constitutes a clear error of law.[1] "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal quotations and citation omitted) (alteration in original); *see also Compagnie des Bauxites de Guinee v. L'Union At-lantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983) ("Where the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction . . . .").

---

[1] None of the parties briefed the issue of whether a jurisdictional dispute can be the sole justification for a transfer. See *Tinney*, 502 F. Supp. 2d at 415 (reconsideration may be appropriate where "the Court has . . . made a decision outside the adversarial issues presented to the Court by the parties.")

Therefore, a court faced with a motion to transfer should permit discovery on that issue before deciding the motion. *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir. 1970); s*ee also Controlotron Corp. v. Perry Printing Corp.*, No. 90-356, 1990 WL 86085, at *4 (D. N.J. June 18, 1990) (denying motion for transfer in favor of jurisdictional discovery where defendant challenged personal jurisdiction). Accordingly, a court faced with a jurisdiction challenge should apply the first-filed rule, deny transfer, and allow discovery to resolve the dispute. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605 (5th Cir. 1999) (resolution of a jurisdictional dispute is never a condition precedent to applying the first-filed rule); *Berisford Capital Corp. v. Central States, Southeast and Southwest Areas Pension Fund*, 677 F. Supp. 220, 225 (S.D.N.Y. 1988) (a dispute over personal jurisdiction, standing alone, is not sufficient to depart from the first-filed rule).

*Plum Tree Inc. v. Rouse Co.*, 343 F. Supp. 667 (E.D. Pa. 1972) involved a venue dispute in which the defendants argued that a transfer to the District of Maryland, where venue was conceded, would serve the interest of justice by eliminating "any need for lengthy discovery and hearing" on the issue. *Id.* at 669-70. Characterizing the defendants' argument, the Court stated:

> [D]efendants are arguing for the proposition that whenever there is doubt as to proper venue with respect to some defendants, the whole action should be transferred to a forum where venue is conceded. Although this position has an appealing aura to it in terms of expediting matters and encouraging cooperation, we ultimately find it unsound in reasoning as well as unsupported by the authorities cited by defendants.
>
> Were we to adopt defendants' position, we would be denying plaintiff the deference properly due its choice of forum; moreover, we would further be denying plaintiff the opportunity to justify the legal propriety of its choice of forum by way of discovery on the venue issue. Hence, by merely making certain concessions, defendants would be nullifying prerogatives due any plaintiff at the outset of a case.

*Id.* at 670. In denying transfer, the *Plum Tree* Court noted that the cases cited by the defendant did not materially rely on the judicial efficiency to be achieved by transfer, but instead mentioned it as "nothing more than a makeweight argument, when compared with the other reasons cited in favor of transfer." *Id.* at 670. In other words, a decision to transfer a case must be made by weighing all of the appropriate *Jumara* factors. The justification of streamlining a case by obviating a jurisdictional or venue dispute is not alone sufficient to warrant transfer.

Like those relied on by the defendant in *Plum Tree*, the cases cited in the Transfer Order do not support the proposition that avoidance of a jurisdictional dispute is alone sufficient to overcome the plaintiff's choice of forum, to eliminate the first-filed rule, or to otherwise justify transfer. *See Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 509-13 (D. Del. 1999) (defendant Delaware corporation requested transfer to the Northern District of California where: (1) its principal place of business was located (and the plaintiff was nearby in Oregon), (2) defendant's engineering activities occurred, (3) the relevant personnel were located, and (4) counsel for both parties were located); *Creative Waste Mgmt., Inc. v. Capitol Envt'l Servs., Inc.*, No. 04-1060, 2004 WL 2384991, *8, *10 (E.D. Pa. Oct. 22, 2004) (judicial economy supported transfer because the court had already found that it lacked personal jurisdiction over one defendant); *Donnelly v. Klosters Rederi A/S*, 515 F. Supp. 5, 6-7 (E.D. Pa. 1981) (class action transferred to Florida where: (1) 33% of the class members resided, (2) another 17% resided near the Florida venue, (3) less than 5% resided within the Eastern District of Pennsylvania, and (4) defendant's only office in the United States, its land-based employees, and most of the evidence was in Florida); *Pippett v. Waterford Dev., LLC*, 166 F. Supp. 2d 233, 239 (E.D. Pa. 2001) (case transferred to Connecticut where: (1) most of the evidence and witnesses were located, (2) the events giving rise to the action took place, (3) plaintiffs worked for

defendant there, and were both hired and fired there, (4) Connecticut law would apply, and (5) the people of Connecticut had a significant interest in the litigation because it involved a quasi-state project); *SoccerSpecific.com v. World Class Coaching, Inc.*, No. 08-6109-TC, 2008 WL 4960232, at *1-3, *5 (D. Or. Nov. 18, 2008) (case transferred to Kansas where: (1) defendants resided, (2) one of the claims (breach of contract) was a mandatory transfer under 28 U.S.C. § 1406(a) because performance of the contract was to occur there, and (3) plaintiff's other claims were closely intertwined with the contract claim); *Keys v. Dep't of Justice*, 288 Fed. App'x 863, 864, 866 (3d Cir. 2008) (case transferred to the Middle District of Pennsylvania where: (1) petitioner was incarcerated, (2) the relevant events occurred, and (3) the necessary witnesses were likely to be found).

No reported decision (as far as Pfizer is aware) has ever transferred a case away from the plaintiff's choice of forum solely to avoid discovery and decision on a jurisdictional dispute instigated by the defendant. Under Third Circuit precedent, Pfizer is entitled to its choice of forum and at least discovery on the jurisdictional issue. *Compagnie*, 723 F.2d at 362; *McDonnell Douglas*, 429 F.2d at 31. The failure to accord any weight to this paramount *Jumara* private factor led the Court to erroneously accord paramount significance to the existence of Apotex's jurisdictional dispute.

**E. The Precedent Set by the Transfer Order Encourages Forum Shopping By Foreign Generic Drug Manufacturers**

Should the Transfer Order stand, a pioneer drug developer will never be able to litigate an ANDA dispute in its choice of forum against a foreign ANDA applicant like Apotex. When a foreign ANDA applicant sends a Paragraph IV notice letter to an innovator, it will choose the forum most desirable to it by appointing its agent for service there, as Apotex has done in this case. Should the pioneer then select any other forum, all the generic manufacturer must do is

dispute personal jurisdiction, as Apotex has also done (despite having consented to the jurisdiction of the Delaware Courts numerous times in the past as both plaintiff and counter-plaintiff). Regardless of the merits of the defendant's contentions, the mere possibility of jurisdictional discovery and "difficult legal and factual issues" to be decided will always, under the rationale of the Transfer Order, justify transferring the case to the generic manufacturer's forum of choice even though, as here, neither party has any connection whatsoever with that forum. This rule will foster forum shopping by foreign generic ANDA applicants like Apotex, which designates different agents on an ANDA-by-ANDA basis, depending on which jurisdiction it deems best suited for the particular issues it wants to raise. This abrogates the paramount consideration of the plaintiff's choice of forum, requires that the suit go forward in a forum that is a complete stranger to the dispute, and is inconsistent with Third Circuit precedent. *See Shutte v. Armco Steel Corp.*, 431 F.2d at 25; *Plum Tree*, 343 F. Supp. at 669. It also disregards the interest of Delaware in protecting the interests of its corporate citizens by according their choice of a Delaware court the proper weight under *Jumara* and its progeny.

The interests of justice are not served by allowing a foreign defendant to defeat a domestic plaintiff's choice of forum simply by the defendant's consent to the jurisdiction of its choosing. Unless this request for reconsideration is granted, Apotex and other foreign defendants will continue to reap unfair and unintended tactical advantages in ANDA litigations simply by appointing a strategically located agent for service and raising a jurisdictional dispute in the plaintiff's choice of forum. This gamesmanship should not be sanctioned by this Court.

## VI. CONCLUSION

For all the above reasons, Pfizer respectfully requests that this Court grant reargument and reconsideration on Apotex's Transfer Motion and the Transfer Order.

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Rudolf E. Hutz*

Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

OF COUNSEL:
William E. McShane
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
(202) 572-0335

*Attorneys for Plaintiffs*

Dated: August 26, 2009
710350_5.DOC

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2009, a true copy of the foregoing ***Plaintiffs' Brief In Support Of Their Motion For Reargument On Defendants' Motion To Transfer Venue*** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

John C. Phillips, Jr.
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

I hereby certify that on August 26, 2009, I have sent by U.S. Mail the foregoing document to the following non-registered participant:

William A. Rakoczy, Esquire
Rakoczy Molino Mazzochi Siwik LLP
6 West Hubbard Street
Chicago, IL 60610

*/s/ Rudolf E. Hutz*
Rudolf E. Hutz (#484)
Jeffrey B. Bove (#998)
Mary W. Bourke (#2356)
Daniel C. Mulveny (#3984)
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141
*Attorneys for Plaintiffs*