IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., PFIZER IRELAND PHARMACEUTICALS, WARNER-LAMBERT COMPANY, and WARNER-LAMBERT COMPANY LLC, <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Civil Action No. 08-948 (LDD) ) ) ) ) ) ) |

**DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' MOTION FOR REARGUMENT AND RECONSIDERATION**

Defendants, Apotex Inc. and Apotex Corp. (collectively, "Apotex"), respectfully move the Court for an order striking Plaintiffs' Motion for Reargument on Defendants' Motion to Transfer Venue and Reconsideration of Order Granting Same (D.I. 53) ("Plaintiffs' Motion for Reargument"), for failure to comply with the letter and spirit of Local Rule 7.1.5 for at least the following reasons:

1. Local Rule 7.1.5 states that a motion for reargument "shall briefly and distinctly state the grounds therefore," and that, should an opposing party choose, it "may file a brief answer to each ground asserted in the motion." On August 26, 2009, Plaintiffs filed their Motion for Reargument and concurrently filed their Brief in Support of Their Motion for Reargument of Defendants' Motion to Transfer Venue (D.I. 54) ("Plaintiffs' Brief")—neither document complies with the requirements of Local Rule 7.1.5. Specifically, Plaintiffs Motion for Reargument does not set forth "briefly and distinctly" the grounds for the motion. Plaintiffs' Brief, a 12-page document that essentially rehashes all of the arguments Plaintiffs propounded in

opposition to Apotex's Motion to Transfer Venue or, Alternatively, to Stay These Proceedings (D.I. 32) (*compare* D.I. 54, Pls.' Br. with D.I. 38, Pls.' Br. in Opp'n to Defs.' Apotex Inc. and Apotex Corp.'s Mot. to Transfer Venue or, Alternatively, to Stay These Proceedings), similarly fails to succinctly state the grounds for its motion. Plaintiffs' Brief is so excessive that it renders any attempt by Apotex to comply with its obligation under Local Rule 7.1.5 to limit its opposition to "a brief answer to each ground asserted in the motion," virtually impossible, and it essentially requires Apotex to submit to an additional round of substantive briefing on its transfer motion.

2. This Court has consistently held that a motion for reargument "should not be used to rehash arguments already briefed or to allow a never-ending polemic between the litigants and the Court." *Canhouse v. Keiper Recaro Seating, Inc.*, 2003 WL 22939439, at *1 (D. Del. July 24, 2003) (internal quotations and citations omitted); *see also Folks v. Phelps*, 2009 WL 1662563, at *1 (D. Del. June 12, 2009) (motions for reargument should not be used to rehash subject matter already briefed, argued, and decided); *Barnes v. First Corr. Med., Inc.*, 2008 WL 1808569, at *1 (D. Del. April 18, 2008) (same); *Schering Corp. v. Amgen Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (same). But rehash on top of rehash is exactly what Plaintiffs have done here. Specifically, in their Brief, Plaintiffs have propounded (1) Hatch-Waxman arguments (pages 2-4), which were already raised in their transfer opposition brief (D.I. 38) at pages 4-9 and 17-18; (2) Plaintiff choice-of-forum arguments (pages 5 and 12-14), which were already raised in their transfer opposition brief at pages 9-10 and 12-14; (3) first-filed rule arguments (pages 5-10), which were already raised in their transfer opposition brief at pages 14-20; (4) *Jumara* arguments (pages 7-10), which were already raised in their transfer opposition brief at pages 10-12; and (5) generic forum shopping arguments (pages 10-11), which were already

raised in their transfer opposition brief at page 8. These issues have already been raised, briefed, and decided. Plaintiffs cannot, through the vehicle of a motion for reargument pursuant to Local Rule 7.1.5, be allowed to rehash these arguments simply because they do not agree with the way they were decided.

3. This Court has also consistently held that motions for reargument should only be granted if the Court: (1) patently misunderstood a party, (2) made a decision outside the adversarial issues presented, and (3) made an error of apprehension. *Folks*, 2009 WL 1662563, at *1; *Canhouse*, 2003 WL 22939439, at *1; *Schering*, 25 F. Supp. 2d at 295. In their Brief, Plaintiffs begin by couching a disagreement with the Court's view of the Hatch-Waxman Act and Plaintiffs' motivation for filing an identical action in Illinois as a "misapprehen[sion of] the risks to Pfizer engendered by the Hatch-Waxman Act" (Pls.' Br. 1-4), and then proceed to accuse the Court of a cascade of legal errors arising from said "misapprehension." In reality, there was no misapprehension at all—the Court simply didn't agree with Plaintiffs' view that they were forced under the Hatch-Waxman Act to file an identical suit in Illinois. (D.I. 51, August 13, 2009 Order at 6 n.4). None of the errors of law Plaintiffs incorrectly accuse the Court of making fall within the three narrow categories warranting reargument.

4. For the foregoing reasons, Plaintiffs' Motion for Reargument (D.I. 53) fails to comply with the letter and spirit of Local Rule 7.1.5 and should therefore be stricken from the record.

WHEREFORE, Apotex respectfully requests that Plaintiffs' Motion for Reargument be stricken from the record. In the event this Court denies the instant Motion, Apotex respectfully requests that it be granted leave to file an opposition to Plaintiffs' Motion for Reargument within ten (10) days following this Court's denial of the instant Motion.

|  |  |
|---|---|
| Dated: September 1, 2009 | Respectfully submitted,<br><br>By: _____<br>John C. Phillips, Jr. (#110)<br>PHILLIPS, GOLDMAN & SPENCE, P.A.<br>1200 North Broom Street<br>Wilmington, Delaware 19806<br>(302) 655-4200 (telephone)<br>(302) 655-4210 (facsimile)<br>jcp@pgslaw.com (e-mail)<br><br>-and-<br><br>William A. Rakoczy<br>Paul J. Molino<br>Deanne M. Mazzochi<br>Andrew M. Alul<br>Neil A. Benchell<br>RAKOCZY MOLINO MAZZOCHI SIWIK LLP<br>6 West Hubbard Street<br>Suite 500<br>Chicago, IL 60654<br>(312) 222.6304 (telephone)<br>(312) 222.6324 (facsimile)<br>wrakoczy@rmmslegal.com (e-mail)<br><br>*Attorneys for Defendants Apotex Inc. and Apotex Corp.* |