IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., PFIZER IRELAND PHARMACEUTICALS, WARNER-LAMBERT COMPANY, and WARNER-LAMBERT COMPANY LLC,<br><br>     Plaintiffs,<br><br> v.<br><br>APOTEX INC., and APOTEX CORP.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-948-LDD<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION TO STRIKE**

  Plaintiffs Pfizer Inc., Pfizer Ireland Pharmaceuticals, and Warner-Lambert Company LLC, formerly Warner-Lambert Company (collectively, "Pfizer") hereby oppose defendants' Apotex Inc. and Apotex Corp. (collectively, "Apotex") Motion to Strike (D.I. 55). While styled as a motion to strike, Apotex's filing substantively responded to Pfizer's Motion for Reargument (D.I. 53). The Court should therefore treat the Motion to Strike as Apotex's opposition and grant Pfizer's reargument request.

  Apotex's Motion to Strike is inappropriate under the Federal Rules. Rule 12(f) states that "[t]he court may strike from a **pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). A Motion for Reargument is not a pleading, FED. R. CIV. P. 7(a), and Apotex's Motion to Strike should be denied as improper. *GRS Dev. Co. v. Jarrett*, No. Civ. 596/2001, 2003 WL 21134437, at *3 (D. V.I. Apr. 10, 2003); *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("only pleadings are subject to motions to strike."); *Structural Concrete Prods., LLC v. Clarendon Am.*

*Ins. Co.*, 244 F.R.D. 317 (E.D. Va. 2007) ("it is not proper…to make a motion to strike a motion.") (quoting 61A Am.Jur.2d *Pleading* § 507 (2007)).

Apotex superficially complains that Pfizer's reargument request necessitates extra briefing, yet attempts to delay reconsideration by injecting an extra round of briefing within briefing. This is gamesmanship, pure and simple, and an obvious attempt to frustrate the purpose of Local Rule 7.1.5. As Apotex acknowledges (Motion to Strike at 2), motions for reconsideration are not intended to create "a 'never-ending polemic between litigants and the Court.'" *Sea Star Line, LLC v. Emerald Equip. Leasing, Inc.*, C.A. No. 05-245-JJF, 2008 WL 5272745, at *1 (D. Del. Dec. 17, 2008) (citation omitted). A never-ending polemic is, however, exactly what Apotex seeks through its improper motion in this jurisdiction in order to advance its case for transfer. The Court should not sanction such behavior.

Apotex substantively addressed Pfizer's Motion for Reargument in its so-called Motion to Strike—complaining, albeit incorrectly, that the reargument request rehashes issues already briefed and that errors of law are not properly subject to reconsideration. (D.I. 55, at ¶ 2). In doing so, Apotex has filed its "brief answer to each ground asserted" in Pfizer's reargument request. D. DEL. L.R. 7.1.5. Apotex should not be given two bites at the apple. *See id.* ("[t]he Court will determine from the motion and answer whether reargument will be granted."). Thus, no further briefing is required, or permitted, and the Court should grant Pfizer's reconsideration request.

For all of the above reasons, Pfizer respectfully requests that this Court deny Apotex's Motion to Strike, and grant Pfizer's Motion for Reargument.

                        RESPECTFULLY SUBMITTED,

                        */s/   Rudolf E. Hutz*
                        Rudolf E. Hutz (#484)
                        Jeffrey B. Bove (#998)
                        Mary W. Bourke (#2356)
                        Daniel C. Mulveny (#3984)
                        CONNOLLY BOVE LODGE & HUTZ LLP
                        1007 N. Orange Street
                        P.O. Box 2207
                        Wilmington, DE 19899-2207
                        (302) 658-9141

OF COUNSEL:
William E. McShane
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
(202) 572-0335

*Attorneys for Plaintiffs*

Dated: September 4, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2009, a true copy of the foregoing *Plaintiffs' Opposition to Defendants' Motion to Strike* was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and the document is available for viewing and downloading from CM/ECF:

>John C. Phillips, Jr.
>Phillips, Goldman & Spence, P.A.
>1200 North Broom Street
>Wilmington, DE 19806

I hereby certify that on September 4, 2009, I have sent by U.S. Mail the foregoing document to the following non-registered participant:

>William A. Rakoczy, Esquire
>Rakoczy Molino Mazzochi Siwik LLP
>6 West Hubbard Street
>Chicago, IL 60610

>/s/  Rudolf E. Hutz
>Rudolf E. Hutz (#484)
>Jeffrey B. Bove (#998)
>Mary W. Bourke (#2356)
>Daniel C. Mulveny (#3984)
>1007 N. Orange Street
>P.O. Box 2207
>Wilmington, DE 19899-2207
>(302) 658-9141
>*Attorneys for Plaintiffs*

714524_2.DOC