## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC.,<br>PFIZER IRELAND PHARMACEUTICALS,<br>WARNER-LAMBERT COMPANY, and<br>WARNER-LAMBERT COMPANY LLC, | ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Civil Action No. 08-948 (LDD) |
| APOTEX INC. and<br>APOTEX CORP., | ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

## DEFENDANTS' BRIEF IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR REARGUMENT AND RECONSIDERATION

*Of Counsel:*

William A. Rakoczy
Paul J. Molino
Deanne M. Mazzochi
Andrew M. Alul
Neil A. Benchell
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street
Suite 500
Chicago, IL 60654
(312) 222.6301 (telephone)
(312) 222.6321 (facsimile)
wrakoczy@rmmslegal.com (e-mail)

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 (telephone)
(302) 655-4210 (facsimile)
jcp@pgslaw.com (e-mail)

*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

Dated: September 14, 2009

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. iii

I.      INTRODUCTION. ....................................................................................................... 1

II.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS. ......................... 1

III.    SUMMARY OF ARGUMENT. ...................................................................................... 2

IV.     STATEMENT OF FACTS. ............................................................................................ 3

V.      ARGUMENT. ................................................................................................................ 3

        A.      Pfizer's Motion for Reargument Should be Denied Because it Fails to
                Comply with Local Rule 7.1.5. .................................................................................. 3

        B.      This Court Did Not Misapprehend the Hatch-Waxman Act or the Law on
                Venue Transfer—Pfizer Made a Voluntary Choice to Sue in Illinois. ................... 5

        C.      This Court Correctly Concluded That Pfizer's Purported Preference for
                Delaware Should Be Accorded No Weight, and Pfizer's Disagreement
                with This Ruling is Insufficient for Reargument. .................................................... 6

        D.      This Court Correctly Ruled That the First-Filed Rule Does Not Apply, and
                Pfizer's Disagreement With This Ruling is Insufficient for Reargument. .............. 9

        E.      This Court Correctly Weighed All of the Private and Public Interest
                *Jumara* Factors and Pfizer's Disagreement With the Court's Conclusion is
                Insufficient for Reargument. .................................................................................... 10

        F.      Pfizer Never Had an Absolute Right to Bring Suit Where It Wanted. ................. 12

VI.     CONCLUSION. ............................................................................................................ 13

# TABLE OF AUTHORITIES

## Cases

*Abbott Labs. v. Teva Pharms. USA, Inc.*,
   No. 08-cv-1243 (N.D. Ill.) ........................................................................................... 11

*Adams Respiratory Therapeutics, Inc. v. Pharm. Holdings Corp.*,
   No. 2:06-cv-04418-PD (E.D. Pa. Nov. 2, 2006)........................................................... 9

*Am. Tel. & Tel. Co. v. MCI Commc'n Corp.*,
   736 F. Supp. 1294 (D.N.J. 1990) ............................................................................... 12

*Aventis Pharma Deutschland GMBH v. Lupin Ltd.*,
   403 F. Supp. 2d 484 (E.D. Va. 2005) .......................................................................... 9

*Ballard Med. Prods. v. Concord Labs., Inc.*,
   700 F. Supp. 796 (D. Del. 1988) .................................................................................. 7

*Barkes v. First Corr. Med., Inc.*,
   2008 WL 1808569 (D. Del. April 18, 2008) ................................................................ 4

*Bristol-Myers Squibb Co. v. Andrx Pharms., LLC*,
   2003 WL 22888804 (S.D.N.Y. Dec. 5, 2003) ......................................................... 7, 8

*Brunswick Corp. v. Precor Inc.*,
   2000 WL 1876477 (D. Del. Dec. 12, 2000) ................................................................ 8

*Canhouse v. Keiper Recaro Seating, Inc.*,
   2003 WL 22939439 (D. Del. July 24, 2003) ....................................................... passim

*Crackau v. Lucent Techs.*,
   2003 WL 22927231 (D.N.J. Nov. 24, 2003) ............................................................... 7

*Creative Waste Mgmt., Inc. v. Capitorl Envtl. Servs., Inc.*,
   2004 WL 2384991 (E.D. Pa. Oct. 22, 2004) ............................................................. 12

*Doubletree Partners, L.P. v. Land Am. Am. Title Co.*,
   2008 WL 5119599 (N.D. Tex. Dec. 3, 2008) ............................................................ 11

*Folks v. Phelps*,
   2009 WL 1662563 (D. Del. June 12, 2009)......................................................... passim

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) .......................................................................................... 3

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*,
   77 F. Supp. 2d 505 (D. Del. 1999).............................................................................. 12

*Pfizer Inc. v. Synthon Holding, B.V.*,
  386 F. Supp. 2d 666 (M.D.N.C. 2005) ................................................................. 8

*Pippett v. Waterford Dev., LLC*,
  166 F. Supp. 2d 233 (E.D. Pa. 2001) ................................................................. 12

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
  119 F.3d 1559 (Fed. Cir. 1997) ......................................................................... 11

*Ricoh Co. v. Honeywell, Inc.*,
  817 F. Supp. 473 (D.N.J. 1993) ........................................................................ 7, 8

*Schering Corp. v. Amgen Inc.*,
  25 F. Supp. 2d 293 (D. Del. 1998) ............................................................ passim

*Smithkline Corp. v. Sterling Drug, Inc.*,
  406 F. Supp. 52 (D. Del. 1975) ........................................................................... 7

*SoccerSpecific.com v. World Class Coaching, Inc.*,
  2008 WL 4960232 (D. Or. Nov. 18, 2008) ...................................................... 12

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.*,
  201 F. Supp. 2d 294 (D. Del. 2002) ................................................................... 8

## Statutes

21 U.S.C. § 355(j)(5)(B)(iii) ..................................................................................... 6

28 U.S.C. § 1404(a) ................................................................................................ 13

35 U.S.C. § 271(e)(2)(A) .................................................................................... 5, 12

## Rules

Del. Local Rule 7.1.5 .................................................................................... passim

Fed. R. Civ. P. 41(a)(1) ........................................................................................... 9

## I.    INTRODUCTION.

Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex") hereby oppose Plaintiffs' Motion for Reargument on Defendants' Motion to Transfer Venue and Reconsideration of Order Granting Same (D.I. 53) ("Plaintiffs' Motion for Reargument"). Plaintiffs Pfizer, Inc., Pfizer Ireland Pharmaceuticals, Warner-Lambert Company and Warner-Lambert Company LLC ("Pfizer") have violated both the letter and spirit of Local Rule 7.1.5 with their Motion for Reargument and brief in support of same (D.I. 54) by failing to "briefly and distinctly" state their grounds for reargument and by submitting a 12-page brief that essentially rehashes, almost verbatim, all of the arguments they propounded in opposition to Apotex's Motion to Transfer Venue or, Alternatively, to Stay These Proceedings (D.I. 32). Moreover, a cursory examination of Pfizer's motion and brief exposes Pfizer's arguments for what they really are—a mere disagreement with the Court on the interpretation of the Hatch-Waxman Act and the law on venue transfer.  But that is not a basis for reargument.  Nothing about this Court's August 13, 2009 Order (D.I. 51) involved (1) a patent misunderstanding of a party, (2) a decision outside the adversarial issues presented to the Court, or (3) an error of apprehension—the only three grounds upon which a motion for reargument may be granted.  For the foregoing reasons, explained more fully below, Pfizer's Motion for Reargument must be denied.

## II.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS.

On May 4, 2009, in response to the First Amended Complaint filed by Pfizer (D.I. 25), Apotex filed its Motion to Dismiss for Lack of Personal Jurisdiction and Lack of an Indispensible Party (D.I. 28) ("Apotex's Rule 12(b)(2) motion"); Motion to Transfer Venue or, Alternatively, to Stay These Proceedings (D.I. 32) ("Apotex's transfer motion"); and FED. R. CIV. P. 12(b)(1) and (6) Motion to Dismiss (D.I. 34) ("Apotex's Rule 12(b)(1) and (6) motion").

On August 13, 2009, this Court issued an Order (1) granting Apotex's transfer motion and transferring this action to the Northern District of Illinois, Eastern Division; (2) denying Apotex's Rule 12(b)(2) motion as moot; and (3) holding in abeyance Apotex's Rule 12(b)(1) and (6) motion until transfer.  (D.I. 51, Aug. 13, 2009 Order 1-2).  On August 26, 2009, Pfizer filed its Motion for Reargument (D.I. 53) and Plaintiffs' Brief in Support of Their Motion for Reargument on Defendants' Motion to Transfer Venue (D.I. 54) ("Plaintiffs' Brief").

## III.   SUMMARY OF ARGUMENT.

Pfizer's Motion for Reargument should be denied for at least the following reasons:

1.      Pfizer's Motion for Reargument fails to comply with the requirements of Local Rule 7.1.5 because neither the motion nor the 12-page brief Pfizer submitted in support thereof (D.I. 54) "briefly and distinctly" set forth the grounds for reargument.

2.      Pfizer's Motion for Reargument fails to comply with the requirements of Local Rule 7.1.5 because Pfizer's grounds for reargument are essentially a rehashing of all the arguments it propounded in opposition to Apotex's transfer motion.

3.      This Court did not misapprehend the Hatch-Waxman Act or Pfizer's motivation for filing an identical action in Illinois.  The Court simply disagreed with Pfizer's story that it was forced under the Hatch-Waxman Act to file an identical suit in Illinois.  Under well-settled law in this District, such disagreement is an insufficient ground for reargument.

4.      This Court correctly ruled that because Pfizer voluntarily chose to bring identical actions in Delaware and Illinois, its purported preference for Delaware carries no weight, and Pfizer's disagreement over this ruling is an insufficient ground for reargument.

5.      This Court correctly ruled that the first-filed rule does not apply when a plaintiff files identical actions in different courts and then chooses where to proceed, and Pfizer's disagreement over this ruling is an insufficient ground for reargument.

6.    Contrary to Pfizer's accusations, this Court weighed both the private and public interest factors outlined in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), and correctly found that the private interest factors were neutral and strongly outweighed by the public interest factors of judicial economy and the interests of justice, which favored transfer in order to obviate a substantial question of personal jurisdiction predicated on "baseless" arguments and "difficult legal and factual issues" raised by Pfizer. (D.I. 51, Aug. 13, 2009 Order 8). Indeed, Federal courts have consistently held that the interests of justice alone may be determinative of a venue change. Pfizer's disagreement with the Court's conclusion on which forum the private and public interest *Jumara* factors favored is insufficient as a matter of law for reargument.

## IV.    STATEMENT OF FACTS.

The operative facts are set forth in Apotex's brief in support of its transfer motion (D.I. 33) and the Court's August 13, 2009 Order (D.I. 51).

## V.    ARGUMENT.

### A.    Pfizer's Motion for Reargument Should be Denied Because it Fails to Comply with Local Rule 7.1.5.

Local Rule 7.1.5 states that a motion for reargument "shall briefly and distinctly state the grounds therefore," and that, should an opposing party choose, it "may file a brief answer to each ground asserted in the motion." Neither Pfizer's Motion for Reargument (D.I. 53) nor its brief in support of same (D.I. 54) complies with the requirements of Local Rule 7.1.5. Specifically, Pfizer's Motion for Reargument does not set forth "briefly and distinctly" the grounds for the motion. Pfizer's brief, a 12-page document that essentially rehashes all of the arguments Pfizer propounded in opposition to Apotex's transfer motion (D.I. 32) (*compare* D.I. 54, Pls.' Br. with D.I. 38, Pls.' Br. in Opp'n to Defs.' Apotex Inc. and Apotex Corp.'s Mot. to Transfer Venue or,

3

Alternatively, to Stay These Proceedings ("Pfizer's Transfer Opp'n Br.")), similarly fails to succinctly state the grounds for its motion. Pfizer's brief is so excessive that it renders any attempt by Apotex to comply with its obligation under Local Rule 7.1.5 to limit its opposition to "a brief answer to each ground asserted in the motion," virtually impossible, and it essentially requires Apotex to submit to an additional round of substantive briefing on its transfer motion.

Moreover, with respect to the rehashing alluded to above, this Court has consistently held that a motion for reargument "should not be used to rehash arguments already briefed or to allow a never-ending polemic between the litigants and the Court." *Canhouse v. Keiper Recaro Seating, Inc.*, 2003 WL 22939439, at *1 (D. Del. July 24, 2003) (internal quotations and citations omitted); *see also Folks v. Phelps*, 2009 WL 1662563, at *1 (D. Del. June 12, 2009) (motions for reargument should not be used to rehash subject matter already briefed, argued, and decided); *Barkes v. First Corr. Med., Inc.*, 2008 WL 1808569, at *1 (D. Del. April 18, 2008) (same); *Schering Corp. v. Amgen Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (same). But rehash on top of rehash is exactly what Pfizer has done here. Specifically, in its Brief, Pfizer has propounded (1) Hatch-Waxman arguments (pages 2-4), which were already raised in its transfer opposition brief (D.I. 38) at pages 4-9 and 17-18; (2) plaintiff choice-of-forum arguments (pages 5 and 12-14), which were already raised in its transfer opposition brief at pages 9-10 and 12-14; (3) first-filed rule arguments (pages 5-10), which were already raised in its transfer opposition brief at pages 14-20; (4) *Jumara* arguments (pages 7-10), which were already raised in its transfer opposition brief at pages 10-12; and (5) generic forum-shopping arguments (pages 10-11), which were already raised in its transfer opposition brief at page 8. These issues have already been raised, briefed, and decided. Pfizer cannot, through the vehicle of a motion for reargument pursuant to Local Rule 7.1.5, be allowed to rehash these arguments simply because it does not

agree with the way they were decided. This Court should summarily deny Pfizer's Motion for Reargument for failure to comply with the letter and spirit of Local Rule 7.1.5.

    **B.**    **This Court Did Not Misapprehend the Hatch-Waxman Act or the Law on Venue Transfer—Pfizer Made a Voluntary Choice to Sue in Illinois.**

This Court has also consistently held that motions for reargument should only be granted if the Court: (1) patently misunderstood a party; (2) made a decision outside the adversarial issues presented; or (3) made an error of apprehension. *Folks*, 2009 WL 1662563, at *1; *Canhouse*, 2003 WL 22939439, at *1; *Schering*, 25 F. Supp. 2d at 295. Conscious of this perhaps, Pfizer begins its brief by couching a disagreement with the Court's view of the Hatch-Waxman Act and Plaintiffs' motivation for filing an identical action in Illinois as a "misapprehen[sion of] the risks to Pfizer engendered by the Hatch-Waxman Act" (D.I. 54, Pls.' Br. 1-4), and then proceeds to accuse the Court of a cascade of legal errors arising from this alleged "misapprehension." In a word, this is absurd—and certainly doesn't warrant reargument.

In reality, there was no misapprehension at all—the Court simply did not agree with Pfizer's ridiculous view that it was somehow "forced" under the Hatch-Waxman Act to file an identical suit in Illinois. (D.I. 51, Aug. 13, 2009 Order 6 n.4). Nothing in the Hatch-Waxman Act forces Pfizer to choose one forum over another for any suit it brings under 35 U.S.C. § 271(e)(2)(A), or to file a "precautionary suit," as Pfizer describes the Illinois action. The only restraints on where Pfizer can bring its § 271(e)(2)(A) ANDA suits are the Federal laws on personal jurisdiction and venue—restraints that every plaintiff in Federal litigation is subject to. If Pfizer is suggesting that as a plaintiff in an ANDA suit it is entitled to be free from the same personal jurisdiction and venue restrictions imposed by law on every other Federal plaintiff, Pfizer is wrong.

Pfizer obviously realized that Apotex Inc.'s contacts with Delaware were sparse at best and that a personal jurisdiction challenge would likely be sustained, otherwise it simply would have filed suit in Delaware alone. That Pfizer chose a "belt-and-suspenders" approach in the instant case by suing Apotex in Illinois as well as Delaware in order to purportedly ensure eligibility for the 30-month stay of FDA approval of Apotex's atorvastatin calcium ANDA prescribed by 21 U.S.C. § 355(j)(5)(B)(iii) does not change the fact that Pfizer's Illinois suit was voluntary. Nobody had a gun to Pfizer's head. It could have simply sued in Delaware alone, or it could have simply sued in Illinois alone and proceeded there, where it was "absolutely sure" jurisdiction over Apotex Inc. would lie. (D.I. 54, Pls.' Br. 3). Instead of pursuing one of the aforementioned options, Pfizer chose—voluntarily—to pursue both. It is absolutely ludicrous to suggest, as Pfizer does again, that Pfizer was somehow forced to sue in Illinois, or that suing in Illinois was not voluntary or otherwise Pfizer's choice.

That Pfizer sees this in a completely different way—that it was somehow "forced" to file the Illinois action—is at best a disagreement with the Court's view of the Hatch-Waxman Act and the law on venue transfer.   Such a disagreement is not sufficient grounds for reargument as a matter of law, as it is well-settled in this District that motions for reargument should only be granted if the Court:  (1) patently misunderstood a party, (2) made a decision outside the adversarial issues presented, and (3) made an error of apprehension. *Folks*, 2009 WL 1662563, at *1; *Canhouse*, 2003 WL 22939439, at *1; *Schering*, 25 F. Supp. 2d at 295. The Court should reject this tired argument, again, and put this issue to bed once and for all.

**C.    This Court Correctly Concluded That Pfizer's Purported Preference for Delaware Should Be Accorded No Weight, and Pfizer's Disagreement with This Ruling is Insufficient for Reargument.**

Pfizer fist-pounds that its purported preference for Delaware should have been accorded weight by the Court. (D.I. 54, Pls.' Br. 5).  According to Pfizer, because of "the Court's

6

misapprehension that Pfizer freely chose to file in both Delaware and Illinois, the Court gave no weight to Pfizer's true choice of forum." (*Id.*) However, as explained above, there was no "misapprehension" on the part of the Court. Moreover, Illinois was and is Pfizer's "true choice of forum." That is, Pfizer freely and voluntarily chose to sue there, and cannot legitimately complain about litigation in the forum that it voluntarily chose. And Pfizer certainly cannot seriously argue that it did not choose Illinois either.

Furthermore, under well-settled law in this District and elsewhere, any deference that might be owed to a plaintiff's choice of forum is limited by the "strong policy favoring the litigation of related claims before the same tribunal." *Smithkline Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52, 54-56 (D. Del. 1975) (holding that the substantial weight accorded to a plaintiff's choice of forum was overridden by the benefit of avoiding duplicative litigation); *see also Ballard Med. Prods. v. Concord Labs., Inc.*, 700 F. Supp. 796, 801-02 (D. Del. 1988) (holding that the interests of justice were better served by transfer to forum where action involving "almost identical issues" was pending); *Bristol-Myers Squibb Co. v. Andrx Pharms., LLC*, 2003 WL 22888804, at *5 (S.D.N.Y. Dec. 5, 2003) (holding that plaintiff's "double-filing" of identical actions in ANDA patent infringement matter "does cut against its choice" of forum); *Crackau v. Lucent Techs.*, 2003 WL 22927231, at *6 (D.N.J. Nov. 24, 2003) (holding that any deference is offset by the costs of duplicative litigation). Pfizer has voluntarily filed an identical action in Illinois that is proceeding; therefore, its purported preference for Delaware should not be given any weight.

Also, "[w]hen the central facts of a lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference." *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 481 (D.N.J. 1993). "In a patent infringement action, the locus of operative facts is the

jurisdiction where the design and development of the infringing patent [sic] [product] occurred." *Bristol-Myers*, 2003 WL 22888804, at *3; *see also Ricoh*, 817 F. Supp. at 481 n. 17 (holding that "[i]n patent infringement actions, as a general rule, the preferred forum is that which is the *center of gravity* of the accused activity[,]" which is typically "the location of a product's development, testing, research and production."); *Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 300 (D. Del. 2002) ("center of operative facts in the action favor[ed] transfer" out of Delaware); *Brunswick Corp. v. Precor Inc.*, 2000 WL 1876477, at *2 (D. Del. Dec. 12, 2000) ("[T]he plaintiff's preference for Delaware is not given as much deference because most of the events at issue, that is, the design and manufacture of the exercise equipment, occurred outside of Delaware"). In the ANDA context, this Court correctly noted in its August 13, 2009 Order that the central or operative facts occur where the ANDA product was designed and developed and where the ANDA was prepared and submitted. *Pfizer Inc. v. Synthon Holding, B.V.*, 386 F. Supp. 2d 666, 675-76 (M.D.N.C. 2005); *Bristol-Myers*, 2003 WL 22888804, at *3. None of these activities, as explained in detail in Apotex's transfer motion brief (D.I. 33) at pages 18-19, and as noted by the Court (D.I. 51, Aug. 13, 2009 Order 7), occurred here in Delaware. As such, the Court correctly concluded that Pfizer's purported preference for Delaware was entitled to no weight (D.I. 51, Aug. 13, 2009 Order 7), and clearly no more weight than its choice of Illinois.

At most, Pfizer's complaint that the Court erred in not giving any weight to Pfizer's purported preference for Delaware is a disagreement Pfizer has with the Court on the law of venue transfer. As this Court has held, such disagreements are insufficient grounds for reargument as a matter of law. *Folks*, 2009 WL 1662563, at *1; *see also Schering*, 25 F. Supp. 2d at 295 ("Schering's disagreement with the Court's conclusions . . . is not a basis for reargument . . . .").

8

**D.    This Court Correctly Ruled That the First-Filed Rule Does Not Apply, and Pfizer's Disagreement With This Ruling is Insufficient for Reargument.**

Because Pfizer voluntarily chose both Delaware and Illinois, this Court correctly ruled that the first-filed rule does not apply. (D.I. 51, Aug. 13, 2009 Order 5-7). This Court chose to follow decisions in *Adams Respiratory Therapeutics, Inc. v. Pharm. Holdings Corp.*, No. 2:06-cv-04418-PD (E.D. Pa. Nov. 2, 2006) and *Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484 (E.D. Va. 2005), where the courts held that the first-filed rule does not apply in situations where a plaintiff voluntarily files two identical actions in different courts. *Adams Respiratory*, No. 2:06-cv-04418-PD, D.I. 31, Nov. 2, 2006 Order 2 (D.I. 30-6, May 5, 2009 Decl. of John C. Phillips, Jr., Esq. ("Phillips Decl.") Ex. E); *Aventis*, 403 F. Supp. 2d at 489.

While neglecting to address the *Aventis* decision, Pfizer attempts to distinguish the *Adams Respiratory* decision by arguing that a concern raised by the court there in applying the first-filed rule—allowing a plaintiff to file two identical suits in different jurisdictions would encourage judge-shopping—is essentially misplaced because the first-filed rule "will always mandate that the first-filed action proceed so long as personal jurisdiction lies." (D.I. 54, Pls.' Br. 6). Pfizer goes on to argue that even if it "had desired to select the forum in which to proceed based on the assigned judge . . . that decision was already locked in when the Delaware case was filed first." (*Id.*) What Pfizer disingenuously neglects to mention is that from the day it filed both this action and the Illinois case (December 17, 2008) until Apotex answers the complaint in this action, Pfizer could unilaterally dismiss this action if it determines that it wants to proceed in Illinois because of the assignment of judges. FED. R. CIV. P. 41(a)(1). This precise situation implicates the judge-shopping concerns raised by the court in *Adams Respiratory*, and exemplifies why the first-filed rule should not apply where the plaintiff files two identical actions in different jurisdictions.

Pfizer's disagreement with the Court on application of the first-filed rule is exactly that— a disagreement. As this Court has held, such disagreements are insufficient grounds for reargument as a matter of law. *Folks*, 2009 WL 1662563, at *1; *see also Schering*, 25 F. Supp. 2d at 295 ("Schering's disagreement with the Court's conclusions . . . is not a basis for reargument . . . .").

> **E.**    **This Court Correctly Weighed All of the Private and Public Interest *Jumara* Factors and Pfizer's Disagreement With the Court's Conclusion is Insufficient for Reargument.**

Next, Pfizer accuses the Court of failing to weigh all of the private and public interest factors outlined in *Jumara* and, instead, relying solely on a jurisdictional "dispute" between the parties as the basis for transfer. (D.I. 54, Pls.' Br. 7-10).

As an initial matter, Pfizer's accusation at page 9 of its brief that the Court failed to weigh all of the private and public interest factors in reaching its conclusion on transfer is wrong. As Pfizer concedes at page 2 of its brief, this Court weighed the private interest *Jumara* factors and concluded that they were neutral. (D.I. 51, Aug. 13, 2009 Order 5-7). The Court then weighed all relevant public interest factors at pages 7-9 of its August 13, 2009 Order, and found that they strongly favored transfer. Again, Pfizer's disagreement with the conclusion reached by the Court is not sufficient for reargument. *Folks*, 2009 WL 1662563, at *1; *Canhouse*, 2003 WL 22939439, at *1; *Schering*, 25 F. Supp. 2d at 295.

This Court correctly ordered transfer based on public interest factors that strongly favored transfer—most notably judicial economy. (D.I. 51, Aug. 13, 2009 Order 7-9). Specifically, the Court found that "substantial, unresolved questions remain with regard to whether this District has personal jurisdiction over Defendant Apotex Inc." (*Id.* at 8). While Pfizer describes these "substantial, unresolved questions" as a simple "jurisdictional dispute," in reality, this Court

correctly observed that "some of [Pfizer's] arguments are baseless, [and] some present difficult legal and factual issues." (D.I. 54, Pls.' Br. 7; D.I. 51, Aug. 13, 2009 Order 8).

Nowhere does Pfizer argue that the public interest factor of judicial economy does not favor transfer. Instead, Pfizer simply argues that a "jurisdictional dispute" itself cannot be the basis for transfer.[1] (D.I. 54, Pls.' Br. 7). Unfortunately for Pfizer, however, the Federal courts have long held that, in patent cases, the interest of justice, which includes judicial economy, may be determinative of a venue change even if the convenience of the parties and witnesses might call for a different result. *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997); *see also*, *Doubletree Partners, L.P. v. Land Am. Am. Title Co.*, 2008 WL 5119599, at *5-6 (N.D. Tex. Dec. 3, 2008) (concluding that the interests of justice "standing alone" warranted transfer despite the fact that the convenience of the parties and witnesses had not been demonstrated to favor transfer); *Abbott Labs. v. Teva Pharms. USA, Inc.*, No. 08-cv-1243 (N.D. Ill.), D.I. 41, Nov. 12, 2008 Mem. Op. 13 (concluding "that the interests of justice strongly favor resolving all of the contested matters arising out of [defendant's] ANDA in one lawsuit", and transferring action to district where action involving different patents and different plaintiffs—yet related technology—was pending) (*see* D.I. 30-14, Phillips Decl. Ex. M); *Am.*

---

[1] Pfizer argues in a footnote that because "[n]one of the parties briefed the issue of whether a jurisdictional dispute can be the sole justification for transfer," the Court essentially made its decision outside the adversarial issues presented by the parties, warranting reargument. (D.I. 54, Pls.' Br. 7 n.1). The argument is nonsensical, and a desperate attempt by Pfizer to turn a disagreement with the Court's conclusion on the *Jumara* factors (something insufficient as a matter of law for reargument) into a recognized ground for reargument. *See Canhouse*, 2003 WL 22939439, at *1 ("reargument may only be granted in three narrow circumstances . . . (3) where the court has made a decision outside the scope of the issues presented to the court by the parties."). This Court's decision on the balancing of the private and public interest *Jumara* factors was directly presented to the Court by Apotex's transfer motion and Pfizer's opposition to same. Further, Apotex expressly argued in its opening transfer brief that, in patent cases, the interest of justice may be determinative of a venue change even if the convenience of the parties and witnesses might call for a different result. (D.I. 33, Apotex's Transfer Mot. Br. 11-12).

*Tel. & Tel. Co. v. MCI Commc'n Corp.*, 736 F. Supp. 1294, 1309, 1313 (D.N.J. 1990) (transferring case where related action was pending despite the balance of private interest factors weighing against transfer).  As this Court pointed out in its August 13, 2009 Order, numerous Federal courts, including this Court, have held that judicial economy is served if transfer would obviate a question of personal jurisdiction.  *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 512-13 (D. Del. 1999); *see also SoccerSpecific.com v. World Class Coaching, Inc.*, 2008 WL 4960232, at *5 (D. Or. Nov. 18, 2008); *Creative Waste Mgmt., Inc. v. Capitorl Envtl. Servs., Inc.*, 2004 WL 2384991, at *10 (E.D. Pa. Oct. 22, 2004); *Pippett v. Waterford Dev., LLC*, 166 F. Supp. 2d 233, 239 (E.D. Pa. 2001).  That is certainly the case here, as the Court correctly found.  Nothing Pfizer has said, or could say, changes that fact.

This Court should reject Pfizer's attempt at portraying its disagreement with this Court's conclusion on the *Jumara* factors for anything else than what it is—a disagreement on law and the application of law to fact.  Such a disagreement is not grounds for reargument under Local Rule 7.1.5.  *Folks*, 2009 WL 1662563, at *1; *Canhouse*, 2003 WL 22939439, at *1; *Schering*, 25 F. Supp. 2d at 295.

### F.     Pfizer Never Had an Absolute Right to Bring Suit Where It Wanted.

At pages 10-11 of its brief, Pfizer whines that this Court's August 13, 2009 Order will encourage forum shopping by foreign generic drug manufacturers.  But this argument assumes that Pfizer has an absolute right to bring suit against generic drug companies wherever it wants, an assumption that is utterly wrong.  Pfizer is subject to the same restrictions on where it can bring its § 271(e)(2)(A) ANDA suits that every other plaintiff in Federal litigation is subject to— the Federal laws on personal jurisdiction and venue.  Thus, Pfizer's real problem isn't with this Court's August 13, 2009 Order, but instead with:  (1) the Delaware Long Arm Statute; (2) the Fifth and Fourteenth Amendments to the United States Constitution; (3) the Federal Venue

Statutes; and (4) 28 U.S.C. § 1404(a) and Federal case law interpreting same.  These legal concerns, along with the fact that Apotex Inc. has no real contacts with the State of Delaware, are why this case must proceed in Illinois.  Pfizer has provided no credible reason for why proceeding in Illinois will leave it at a disadvantage vis-à-vis Apotex.  In fact, if Pfizer was truly interested in proceeding with the merits of this case, it would drop the instant motion and focus on the Illinois action, where the stay entered on June 12, 2009 has been lifted, the parties have submitted a Revised Joint Rule 26(f) Report, and the case is proceeding.  (*See* September 14, 2009 Declaration of John C. Phillips, Jr., Esq. Ex. A, Current Docket Sheet for *Pfizer Inc. v. Apotex Inc.*, No. 08-cv-7231 (N.D. Ill.)).

## VI.    CONCLUSION.

For the foregoing reasons, Pfizer's Motion for Reargument of Defendants' Motion to Transfer Venue and Reconsideration of Order Granting Same should be denied, and this case should be once and for all transferred to the Northern District of Illinois, Eastern Division, for consolidation.

Respectfully submitted,

Dated:  September 14, 2009          By:

John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
(302) 655-4200 (telephone)
(302) 655-4210 (facsimile)
jcp@pgslaw.com (e-mail)

-and-

William A. Rakoczy
Paul J. Molino
Deanne M. Mazzochi
Andrew M. Alul
Neil A. Benchell

13

RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street
Suite 500
Chicago, IL 60654
(312) 222.6304 (telephone)
(312) 222.6324 (facsimile)

*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

14