IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC., ET AL. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| APOTEX INC., ET AL. | : | NO. 08-cv-00948-LDD |

O R D E R

AND NOW, this 28th day of September 2009, upon consideration of Plaintiffs' Motion for Reargument on Defendants' Motion to Transfer Venue and Reconsideration of Order Granting Same (Doc. No. 53) and Defendants' Motion to Strike Plaintiffs' Motion for Reargument and Reconsideration (Doc. No. 55), it is hereby ORDERED that Plaintiffs' Motion is DENIED.

Motions for reconsideration or reargument "shall be sparingly granted." D. Del. Loc. R. Civ. P. 7.1.5. Viewed as the functional equivalent of motions to alter or amend judgment under Federal Rule of Civil Procedure 59, "[t]he purpose of such motions is to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Samuel v. Carroll, 505 F. Supp. 2d 256, 261 (D. Del. 2007) (quoting Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). Accordingly, a court may only grant a motion for reconsideration or reargument if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) the availability of new evidence; or (3) a need to correct an error of law or fact or to prevent a manifest injustice. Max's Seafood Café, 176 F.3d at 677. "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already

made." Samuel, 505 F. Supp. 2d at 261 (quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 2d 1109, 1122 (E.D. Pa. 1993)).

Plaintiffs seek reconsideration of our Order transferring this case to the Northern District of Illinois. Rehashing arguments already made and rejected, they contend that transfer was inappropriate because they chose to commence this action in this District. However, as we have already held, Plaintiffs commenced an identical action in the Northern District of Illinois, and their decision to commence this action in this District is therefore not entitled to the significant weight it would otherwise be accorded. Adams Respiratory Therapeutics, Inc. v. Pharm. Holdings Corp., No. 06-4418, Doc. No. 31, Order Denying Pl.'s Mot. Stay, at *2 (E.D. Pa. Nov. 2, 2006) (denying plaintiff's motion to stay second filed action and holding that it would be "inappropriate to allow a plaintiff to file identical actions in different courts and then pick the court in which it wishes to proceed"); see also Aventis Pharma Deutschland GMBH v. Lupin Ltd., 403 F. Supp. 2d 484, 489-90 (E.D. Va. 2005) (same).

Repeating a protest advanced in their original briefing, Plaintiffs assert that they were forced to file the action in the Northern District of Illinois. According to Plaintiffs, they were forced to file that action due to certain unacceptable risks engendered by the Hatch-Waxman Act: if Defendants successfully won dismissal of this action for lack of personal jurisdiction, Plaintiffs might not have the ability to file a second suit outside of the 45-day window following receipt of the ANDA notice letter and retain the 30-month stay on approval of the ANDA. Under 28 U.S.C. § 1631, a district court lacking personal jurisdiction "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; see also D'Jamoos ex rel. Estate of

2

Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 106 (3d Cir. 2009) (citing Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 218 & n.9 (3d Cir. 2002)); Forest Labs. Inc. v. Cobalt Labs. Inc., No. 08-21, 2009 WL 605745, at *12 (D. Del. Mar. 9, 2009).  Plaintiffs' concern is unfounded because the risks identified by Plaintiffs would compel a district court to transfer this action to the Northern District of Illinois rather than dismiss it.  See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (reversing lower courts and holding that interest of justice favors transfer under 28 U.S.C. § 1406 where plaintiff would have lost a substantial portion of its cause of action under the statute of limitations); Forest Labs. Inc. v. Cobalt Labs. Inc., No. 08-21, 2009 WL 2753427, at *3 (D. Del. Aug. 27, 2009) (holding that transfer is in the interest of justice under 28 U.S.C. § 1631 where dismissal might deprive plaintiffs of Hatch-Waxman's automatic 30-month stay of FDA approval of ANDA).

 Finally, given the fact that Plaintiffs commenced an identical action in the Northern District of Illinois, we correctly held that judicial economy and the interest of justice favor transferring this case in order to obviate a substantial question regarding personal jurisdiction.  See, e.g., Mentor Graphics Corp. v. Quickturn Design Sys., Inc., 77 F. Supp. 2d 505, 512 (D. Del. 1999); Creative Waste Mgmt., Inc. v. Capitol Envtl. Servs., Inc., No. 04-1060, 2004 WL 2384991, at *10 (E.D. Pa. Oct. 22, 2004) ("A transfer, obviating a jurisdictional difficulty, has been found to serve the interests of justice within the meaning of . . . 1404(a)." (quoting Donnelly v. Klosters Rederi A/S, 515 F. Supp. 5, 7 (E.D. Pa. 1981))); Pippett v. Waterford Dev., LLC, 166 F. Supp. 2d 233, 239 (E.D. Pa. 2001) ("When personal jurisdiction is questionable in one state,

and a more appropriate forum exists elsewhere, transfer is proper."); SoccerSpecific.com v. World Class Coaching, Inc., No. 08-6109, 2008 WL 4960232, at *5 (D. Or. Nov. 18, 2008) (collecting cases and holding that "[c]ourts have held that a change of venue may conserve judicial resources, and serve the interests of the parties as well, if a case is transferred from a forum where there is a difficult question of personal jurisdiction to a district in which there is not such uncertainty"); see also Keys v. Dep't of Justice, 288 F. App'x 863, 866 (3d Cir. 2008) (remanding and directing district court to transfer where, among other things, transfer would obviate the need for further litigation on the issue of venue).

BY THE COURT:

/S/LEGROME D. DAVIS

Legrome D. Davis, J.